of them dying before my son Burnett, and upon his death I give and bequeath said one-eighth (⅛) of said rest, residue and remainder of my estate to his issue other than his issue by his present wife, if any then living, per stirpes and not per capita, and if no such issue, then to my son Louis C. and my daughter Annie O., or the survivor . of them, and the issue then living of either or both, as the case may be, of them dead, per stirpes and not per capita.' "

All that the cestui que trust can require the trustees to do is to exercise a discretion in allowing him from time to time money sufficient for his maintenance from the net income of the trust funds. By the terms of the will the entire balance thereof in the hands of the trustees becomes at once the property of others. Sherman v. Skuse, 166 N. Y. 345, 59 N. E. 990, relied upon by plaintiffs as authority, is clearly distinguishable. It was there found that the trustees had in their possession unexpended income applicable to the support of the defendant. Williams v. Thorn, 70 N. Y. 271, and Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251, are cases in which the beneficiaries took title to surplus of income over the amount necessary for their support. The rights of the creditors can certainly be no greater than are the rights of the cestui que trust. What he cannot accomplish they cannot accomplish. Wetmore v. Truslow, 51 N. Y. 342. For the reasons above set forth, the complaint as to defendant trustees must be dismissed, and it is therefore not necessary to pass upon the other questions concerning which proposed findings have been submitted. Findings and judgment to be settled upon notice.

Ordered accordingly.

(59 Misc. Rep. 273.)

AKERS v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Supreme Court, Special Term, New York County. May, 1908.)

1. INSURANCE—LIFE INSURANCE—REGULATION OF BUSINESS—AGENTS' CONTRACTS—STATUTES.

Insurance Law, Laws 1892, p. 1971, c. 690, § 89, which was repealed by Laws 1906, prohibiting certain insurance corporations from making contracts with employés for more than 12 months, was re-enacted and continued by Laws 1906, p. 796, c. 326, § 34.

2. PLEADING—COMPLAINT—DEMURRER.

Where, in an action on an insurance agent's contract of employment, it did not appear on the face of the complaint that defendant company was organized under the insurance laws of the state, or was engaged in the business of life insurance, the alleged invalidity of the contract because made for more than a year, in violation of Laws 1906, p. 796, c. 326, § 34, prohibiting the making of such contracts for more than 12 months, could not be raised by demurrer.

3. INSURANCE—COMPENSATION OF AGENT—CONTRACTS—VALIDITY—VIOLATION OF STATUTE—MALUM PROHIBITUM.

An insurance agent's contract of employment for more than 12 months, in violation of Laws 1906, pp. 773, 796, c. 326, §§ 14, 34, limiting such contracts to such period, and declaring a violation thereof to be a misdemeanor, was not merely ultra vires, but malum prohibitum, but the inhibition being operative only against the insurance company, and not on the agent whose agreement to render services for a longer period than a year was neither malum in se nor malum prohibitum, the parties were not in pari delicto; and hence the servant could recover the value of his services on an implied assumpsit.

4. Work and Labor—Effect of Express Contract—Complaint—Assumpsit.
　　Where, in an action on an express contract of employment which was invalid, the complaint alleged that plaintiff rendered services to defendant at its request, and, for want of an allegation as to the value of the services, plaintiff could only recover nominal damages, the complaint nevertheless stated a cause of action on an implied assumpsit, and was not demurrable for want of facts.

Action by Albert Akers against the Mutual Life Insurance Company of New York to recover a balance of salary alleged to have accrued under a contract of employment with defendant. On defendant's demurrer to the complaint for insufficiency of facts to constitute a cause of action. Demurrer overruled.

Donald McLean, for plaintiff.
James McKeen, for defendant.

BISCHOFF, J. As amended at the hearing of this cause by consent of counsel for the respective parties, the complaint sets forth that on or about the 11th day of November,. 1903, the plaintiff and the defendant entered into an agreement whereby the latter employed the former for a period of three years, beginning on the 1st day of January, 1904, at a salary equal to $100 per month, and additional compensation for special services; that the plaintiff entered upon the employment and duly performed his part of the agreement for the entire period; and that the defendant after due demand has refused payment of the salary for the last ten months. To this complaint the defendant has demurred upon the ground of defect in substance; the particular criticism of the pleading being, as appeared upon the argument, that it exhibits an agreement in violation of the insurance law of this state (Laws 1892, p. 1971, c. 690), section 89 of which reads as follows:

"No such corporation [a life insurance corporation doing business in this state] shall make any agreement with any of its officers, trustees or salaried employés, whereby it agrees that for any services rendered or to be rendered thereafter by such official, trustee or employé, he shall receive any salary, compensation or emolument that will extend beyond a period of twelve months from the date of such agreement or contract."

It is contended for the plaintiff that the repeal of the provision of the insurance law quoted (Laws 1906, p. .786, c. 326, § 28) removed the bar of illegality in the way of the enforcement of the agreement (White Water Valley Canal Co. v. Vallette, 21 How. [U. S.] 414, 425, 16 L. Ed. 154; Washburn v. Franklin, 35 Barb. 599; Central Bank v. Empire Stone Dressing Co., 26 Barb. 23), but in this counsel has obviously overlooked section 34 of the law of 1906, by which the provision was continued, it having merely been transferred from one section to a new one added to the insurance law as section 98 (Suth. Stat. Const. § 142).

The demurrer, however, must in any event be overruled, since the relevancy of the insurance law to the agreement pleaded is not apparent. I may presume from the fact, as alleged, that the defendant is a corporation organized under and existing by virtue of the laws of this state, that it is authorized to do business in this state, and I

may know as a matter of fact that it is engaged in the business of life insurance, but I cannot take judicial notice of its charter, and the complaint does not allege that the defendant was organized under the insurance laws of this state, or that it is engaged in the business of life insurance. Speaking demurrers are no part of our system of pleading (Abbott, Tr. Br. Pl. §§ 10, 11), and without an affirmative allegation, therefore, that the defendant is engaged in the life insurance business, the defect, of the complaint to which the demurrer is pointed does not appear. Waiving this infirmity, however, in the defendant's attack on the complaint, and assuming that the defendant is a life insurance corporation and engaged in the business of life insurance in this state, I must still conclude that the complaint is not demurrable upon the ground urged. Giving to the language of section 89 (98) of the insurance law of 1892 its broader significance, and holding with the defendant that the agreement set forth in the complaint is comprehended thereby, it was malum prohibitum, and therefore illegal, void, and unenforceable. The agreement was not only expressly inhibited, but its making was visitable with a penalty. Section 53 of the law provided that:

"Any corporation or person violating any provision of the insurance law shall forfeit to the people of the state the sum of five hundred dollars for every such violation unless a different sum is specifically provided for the violation by the provisions of this chapter. Such sum, when collected, shall be paid into the treasury of the state."

This section was repealed in 1906 (chapter 326, § 14), and the following substituted for it:

"Sec. 53. Any corporation or person violating any provision of the insurance law, except where such violation constitutes a felony, shall, in addition to any penalty otherwise prescribed for such violation, be guilty of a misdemeanor."

The case at bar, therefore, is not one where the agreement was ultra vires merely—that is, in excess of the corporation's contractual capacity—in which case the corporation would be estopped from asserting the invalidity of the agreement upon the other contracting party's performance (Whitney Arms Co. v. Barlow, 63 N. Y. 62, 20 Am. Rep. 504; Holmes, Booth & Hayden v. Willard, 125 N. Y. 75–80, 25 N. E. 1083, 11 L. R. A. 170; Linkauf v. Lombard, 137 N. Y. 417, 423, 33 N. E. 472, 20 L. R. A. 48, 33 Am. St. Rep. 743; Seymour v. S. F. Co. Ass'n, 144 N. Y. 333, 39 N. E. 365, 26 L. R. A. 859; Bath Gas Light Company v. Claffy, 151 N. Y. 24, 45 N. E. 390, 36 L. R. A. 664; Parish v. Wheeler, 22 N. Y. 494; King v. Brown, 2 Hill, 485), but one where the agreement is illegal because prohibited. Where an agreement is malum prohibitum, it is unenforceable by either party against the other if the parties are in pari delicto. Griffith v. Wells, 3 Denio, 226; Peck v. Burr, 10 N. Y. 294; Bell v. Quin, 2 Sandf. 146; Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 548, 22 Sup. Ct. 431, 46 L. Ed. 679. Higgins v. McCrea, 116 U. S. 671, 686, 6 Sup. Ct. 557, 29 L. Ed. 764; McMullen v. Hoffman, 174 U. S. 639, 654, 19 Sup. Ct. 839, 43 L. Ed. 1117; Harris v. Runnels, 53 U. S. (12 How.) 79, 13 L. Ed. 901; Burck v. Taylor, 152 U. S. 634, 649, 14 Sup. Ct. 696, 38 L. Ed. 578; Gibbs

v. Balt. Consol. Gas Co., 130 U. S. 397, 9 Sup. Ct. 553, 32 L. Ed. 979, Tracy v. Talmadge, 14 N. Y. 162, 67 Am. Dec. 132; Curtis v. Leavitt, 15 N. Y. 9. But, as I read the provisions of section 89 (98) of the insurance law, the inhibition to agree for a period in excess of 12 months is operative upon the insurance corporation only. The corporation is prohibited from making the agreement, and the "persons" intended to be subjected to punishment for a violation of the law (section 53) are those only who essay to act in the corporation's behalf. This is the plain meaning of the language employed, and the rules of construction admit of no other. "Laws imposing a penalty and giving penal actions must, like other statutes, receive a reasonable construction. While they cannot be enlarged by construction, effect will be given to the intent of the Legislature, as deducible from the language employed; but they will not be extended by implication to cases not fairly within the intent, as declared by the words." Verona Central Cheese Co. v. Murtaugh, 50 N. Y. 314, 317. See, also, Hathaway v. Johnson, 55 N. Y. 93, 14 Am. Rep. 186; Hintermister v. First Nat. Bank, 64 N. Y. 213, 215. "There can be no constructive offense, and, before a man can be punished, his case must be plainly and unmistakably within the statute." Fuller, C. J., in United States v. Lacher, 134 U. S. 628, 10 Sup. Ct. 625, 33 L. Ed. 1080. "Laws which create a crime ought to be so explicit that all men subject to their penalties may know what acts it is their duty to avoid. Before a man can be punished, his case must be plainly and unmistakably within the statute." Blatchford, J., in United States v. Brewer, 139 U. S. 288, 11 Sup. Ct. 541, 35 L. Ed. 190. "It is axiomatic that statutes creating and defining crimes cannot be extended by intendment, and that no act, however wrongful, can be punished under such a statute unless clearly within its terms." Brewer, J., in Todd v. United States, 158 U. S. 282, 15 Sup. Ct. 890, 39 L. Ed. 982.

It was the evident design of the Legislature to restrain life insurance corporations from incurring any obligations toward its officers, trustees, or salaried employés for services rendered or to be rendered, which should endure for a period longer than 12 months, and this design was carried into effect by declaring any such attempted obligation illegal and unenforceable. However much it may be competent to the Legislature to secure the observance of these restrictions by making their violation by the corporation or an officer of the corporation, acting as such, punishable, it would be unreasonable to impute to it an intention to penalize the act of an individual in his own behalf when entering into an agreement with the corporation for services neither malum in se nor malum prohibitum. The right to contract for his lawful services is the common-law right of every individual and a part of our municipal law. It is subject to legislative regulation which does not transcend constitutional guarantees (Munn v. Illinois, 94 U. S. 134, 24 L. Ed. 77), and the wisdom of any such regulation presents no judicial question. Parol contracts for the sale of real property, for the lease of real property for more than one year, for the sale of chattels exceeding in value $50, are severally declared to be void, yet it would be commonly regarded as a cruel and most oppressive exercise of power were the Legislature to penalize the parties to

such contracts. A life insurance employé's attempt to dispose of his services to the corporation upon employment for more than 12 months is affected with no more moral or legal turpitude than is the conduct of the parties to the parol contracts alluded to, and he should be declared criminal only when legislative language is open to no other reasonable construction. Construing, then, the insurance law as operating upon life insurance corporations and persons acting in their behalf, and not upon the employés of such corporations when acting for themselves, I must necessarily conclude that the parties to this action, with regard to the agreement, are not in pari delicto. The plaintiff was not prohibited from making the agreement. He violated no law when so doing. The agreement is not malum in se. In such a case "it is the prohibitory law itself * * * which discriminates as to the relative guilt of the parties. The courts do not determine whether they are in pari delicto by scrutinizing the circumstances of the case, but adopt the distinction marked out by the statute." Curtis v. Leavitt, 15 N. Y. 9, 289. See, also, Tracy v. Talmadge, 14 N. Y. 162, 67 Am. Dec. 132; Keener, Quasi Contracts, 271, 273. Therefore, when a contract, otherwise unobjectionable, is prohibited by a statute which imposes a penalty upon one of the parties only, the other is not in pari delicto, and, where the contract is not malum in se, he may recover as upon an implied assumpsit against the party prohibited or upon whom the penalty is imposed for any money or property which he has advanced upon such contract. Curtis v. Leavitt, supra; Tracy v. Talmadge, supra.

In the Tracy Case the plaintiff had sold stocks to a banking corporation, and accepted payment therefor in notes which the corporation was prohibited from making and issuing under a penalty. It was held that though the contract was illegal and void, and no action would lie upon it, the plaintiff could recover the value of the stocks sold and delivered upon an implied undertaking; that, though the plaintiff was a party to the illegal contract, he was not in pari delicto within the rule which forbids the court to grant to one party to an illegal contract or transaction relief against the other. The Curtis Case differed from the Tracy Case only in that the transaction was a loan of money upon the prohibited notes, and it was there also held that the plaintiff could recover the money loaned while the notes were void. The deduction from what has been said is, of course, that this action is not maintainable upon the express agreement set forth in the complaint, but it does not follow that the complaint is defective. It sufficiently appears that the plaintiff rendered services at the request of the defendant during the last 10 months of the year 1906, and these facts in and of themselves give rise to an implied promise by the defendant to pay what the services were fairly and reasonably worth. True, without an amendment of his pleading the plaintiff may not be permitted to prove and recover more than nominal damages. But, even so, upon a demurrer for insufficiency, the inquiry is not whether the pleading demurred to sets out the cause of action or defense which the pleader had in mind at the time, but whether any cause of action or defense appears therefrom. 6 Ency. of Pl. & Pr. 346. If

the pleading is sufficient upon any proper theory, it is proof against the demurrer.

Demurrer overruled, with costs, with leave to defendant to plead over upon payment of costs.

Demurrer overruled.