(162 App. Div. 209)

### FRICK CO. v. PULTZ.

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

1. SALES (§ 285*)—WARRANTIES—NOTICE OF DEFECT.

Where a threshing machine was sold under a written contract which contained certain warranties, but required the buyer to give notice of defects in writing within five days from first putting the machine in operation, and provided that if it was used longer than that period without notice it should operate as an acceptance and as a fulfillment of the terms of warranty, and that any assistance rendered by the agents of the seller in operating the machinery should not dispense with the required notice, the buyer's failure to give the stipulated notice was fatal to his defense to an action for the purchase price that the machine was so defective as to be useless.

[Ed. Note:—For other cases, see Sales, Cent. Dig. §§ 806–808, 810; Dec. Dig. § 285.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—PLEADING—COMPLIANCE WITH STATUTORY REQUIREMENT.

Where a complaint by a foreign corporation alleges that it is doing business in the state and that the contract sued on was made in the state, it must also allege compliance with General Corporation Law (Consol. Laws, c. 23) § 15, authorizing the doing of such business.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

3. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—PLEADING—COMPLIANCE WITH STATUTORY REQUIREMENT.

A complaint by a foreign corporation, which does not allege that the corporation was doing business in the state or that it made the contract sued upon in the state, is not demurrable for failing to allege that the corporation was authorized to do business within the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

4. PLEADING (§ 347*)—FOREIGN CORPORATIONS—ACTIONS—PROOF OF COMPLIANCE WITH STATUTE.

In an action by a foreign corporation, where it did not appear from the complaint that the corporation was doing business within the state, or that the contract sued upon was made within the state, but those facts developed from the proof on the trial, and the certificate of the Secretary of State showing compliance with General Corporation Law (Consol. Laws, c. 23) § 15, on the part of the plaintiff was admitted without objection, it was error for the trial court, after taking the case under advisement, to strike the certificate from the record and render judgment for the defendant because of the failure of the complaint to allege plaintiff's authority to do business within the state.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1052; Dec. Dig. § 347.*]

Kellogg and Lyon, JJ., dissenting in part.

Appeal from Trial Term, Broome County.

Action by the Frick Company against Norman A. Pultz. From a judgment of the Supreme Court dismissing the complaint, plaintiff appeals. Reversed, and judgment rendered for plaintiff.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

T. B. & L. M. Merchant, of Binghamton, for appellant.

Perkins & Blakeslee, of Binghamton (Charles G. Blakeslee, of Binghamton, of counsel), for respondent.

HOWARD, J. On October 6, 1910, the parties hereto entered into a written contract, by the terms of which the plaintiff sold, and the defendant purchased, a threshing machine. The machine was delivered by the plaintiff and was in the possession of the defendant before the contract was signed. The defendant gave three notes aggregating $250 in payment for the machine. The style of contract used by the parties was a regular blank form usually employed by the plaintiff. The various provisions of the contract are plain, unambiguous, and easy to comprehend. The plaintiff makes certain warranties in the contract, and the defendant makes certain agreements. Among the

---

.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreements on the part of the defendant, the purchaser, is the following:

"(a) If machinery does not fulfill terms of warranty, to give notice in writing to the agent through whom purchased, and by registered letter to Frick Company, Waynesboro, Pa., within five days from first putting same in operation, stating in what respect said machinery fails to perform. * * *

"(c) If machinery is used longer than five days from first putting same in operation, without notice of failure to fulfill warranty as required in paragraph (a) above, or if used at all after Frick Company is alleged to have failed to remedy defects, it shall operate as an acceptance of same and as a fulfillment of the terms of warranty.

"(d) That any assistance rendered by Frick Company, through its agents or employés, in operating said machinery within five days from starting same, shall not dispense with the notice required in paragraph (a) above, if same does not fulfill terms of warranty; nor shall such assistance operate as a waiver of such notice, if given after the expiration of said five days when no notice has been given of alleged failure to perform as provided in paragraph (a) above."

The machine failed to work well, and, before the contract was signed by the defendant, the plaintiff's agent endeavored to fix it but failed. He made another effort in the fall of 1911, and failed again. At this time he had an expert with him, but neither the agent nor the expert could so alter or adjust the machine as to make it work. It has never worked, but has been a failure and has stood idle in the barn of the defendant.

[1] By clause "a" of the defendant's agreements in the contract, the purchaser stipulated in case the machine failed to fulfill the terms of the warranty made by the plaintiff, to give notice in writing, within five days, to the agent, also to the Frick Company at Waynesboro, Pa. This the plaintiff wholly failed to do. He gave no notice in writing to either the agent or the company. By clause "d" of the defendant's agreements, he contracted that any assistance rendered by the company or its agents within or after five days from the time he started to operate the machine should not operate as a waiver by the company of the notice required by clause "a." It is thus seen that the plaintiff insisted in the plainest language upon having written notice of any alleged defects in the machine. The company evidently considered the notice of vital importance. It was, in fact, a substantial provision in the contract. The plaintiff's plan of doing business required that it have this notice. It was operating over a wide stretch of country, through agents. It could only know of alleged defects in the machinery it sold by providing for notice within a reasonable time. This notice was fixed at five days. If purchasers were to be permitted to repudiate machinery at their leisure, after operating it and experimenting with it for months, the company could, of course, have no gauge on its business; it never could be certain that a sale had been consummated. It is therefore apparent that, no matter how defective the machine may have been, the defendant's failure to give the stipulated notice is fatal to his defense and that his attempt, ten months afterwards, to relieve himself from his obligations by giving notice and offering to return the machinery was completely abortive.

[2-4] The plaintiff is a foreign corporation. If a foreign corporation alleges in its complaint that it is doing business in this state and

alleges the making of the contract sued upon in this state, it must also allege compliance with section 15 of the General Corporation Law; otherwise the complaint is demurrable. Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21. The complaint herein contained no such allegation. But a foreign corporation "has a perfect right to sue in the courts of this state on a contract made with a citizen of the state of New York either within or without the state, provided it has not located in the state of New York for the purpose of doing business within the state." Eclipse Silk Manufacturing Co. v. Hiller, 145 App. Div. 568, 129 N. Y. Supp. 879. Code, § 1779. Under this authority a complaint states a good cause of action and is not demurrable unless it appears on the face of the complaint that the foreign corporation was doing business in this state and that it made the contract sued upon in this state. These facts do not appear upon the face of the complaint before us; but they developed from the proof on the trial. There was no allegation in the complaint of a compliance with section 15 of the General Corporation Law. The plaintiff had, however, in fact fully complied with that section, and it produced and offered in evidence a certificate in the usual form from the Secretary of State to that effect. This certificate was received in evidence and no motion was made to strike it out. There being no question of fact to decide, the trial court took the case from the jury and subsequently striking out from the evidence the certificate of the Secretary of State, he rendered a decision dismissing the plaintiff's complaint because of its failure to allege compliance with section 15 of the General Corporation Law.

This disposition of the case was clearly erroneous. After the testimony was closed and the parties were gone from the courtroom and the case taken by the trial justice to his chambers for determination, he had no right to strike out evidence. This course was highly prejudicial to the rights of the plaintiff. The certificate was received against the defendant's objection; the grounds of the objection being that the complaint contained no allegation that there was such a certificate. At the trial the court must have considered the general allegation that the contract was "duly made" a sufficient allegation. But upon whatever theory the certificate was received it should not· have been stricken from the evidence without giving the plaintiff an opportunity to move, if it so desired, to amend the complaint to conform to the proof. If the trial court had indicated that it considered the allegations of the complaint insufficient to admit the certificate in evidence, we must assume that the plaintiff would have moved to amend its complaint in that particular. If such a motion had been made, under the circumstances it should have been granted. Code, § 539.

The course pursued by the trial court calls for a reversal of the judgment, and, there being nothing to be gained by a new trial, a judgment should be rendered in favor of the plaintiff for the relief demanded in the complaint.

In addition to the findings of fact made by the trial court, we adopt as findings of fact those proposed by the plaintiff as appears in the record and numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10.

Judgment reversed, with costs and judgment ordered for the plaintiff with costs. All concur except KELLOGG, J., who writes for reversal and new trial, in which opinion LYON, J., concurs.

JOHN M. KELLOGG, J. (dissenting in part). I concur in reversal. There should be a new trial. The plaintiff should amend his complaint, and might have done so upon the trial as clearly there would have been no surprise.

By the terms of the contract, in case the machine did not meet the warranties, the defendant was to notify the plaintiff by registered letter within five days from the time the machine was put in operation. The machine, in October, 1910, was taken from the fair ground to the defendant's place. The plaintiff's agent came the next day and set it up and found it would not work successfully. He agreed to put it in condition, and in about a week after he came and put in a new worm and claimed that remedied the defect, and then obtained a delivery of the notes without further test of the machine. The defendant attempted to use the machine the next day after it came to his place. There is no evidence that he used it after the plaintiff's agent put in the new worm, and the transaction was closed by delivering the notes. The evidence is not entirely clear, but apparently the defendant's theory is that, after the plaintiff put the machine in running order and received the notes, it was not used until the fall of 1911, when the agent came and tried to make it work. He failed. He then obtained the company's expert and, according to the defendant's version, another failure followed. They were unable to make the machine perform any valuable service. The company was immediately notified at the Rochester office; the agent knew the facts. The provision in the contract that the notice is to be by registered letter directed to the company at Waynesboro, Pa., was not intended as a trap, but only to make sure that the plaintiff would receive the notice. All the business was done from the Rochester office. Defendant mailed a letter to that office, and there is no question raised as to its receipt. We then have the circumstances that the agent knew all the time that the machine would not perform the agreed service, and that the company was notified in writing within five days from its first use after the worm was put in and the notes delivered. There is therefore a question of fact in the case, and the defendant is entitled to have that question determined by a jury. We cannot deprive him of that right.

I therefore favor a reversal of the judgment and a new trial, with costs to the appellant to abide the event.

LYON, J., concurs.