THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Plaintiff, *v.* JOSEPH BARONDESS, Defendant.

(Supreme Court, New York Special Term, June, 1919.)

Pleading — insufficiency of complaint of foreign insurance company — Insurance Law, § 9.

> Where the complaint of a foreign insurance company in an action to recover the amount of premiums due on a New York contract of marine insurance fails to allege that at the time the contract was made plaintiff, in compliance with the provisions of section 9 of the Insurance Law, had procured authority to transact the business of insurance, a motion by defendant for judgment on the pleadings will be granted with leave to plaintiff to amend its complaint.

MOTION by the defendant for judgment on the pleadings.

Barondess & Chaityn, for motion.

James B. Henney, opposed.

GIEGERICH, J. The defendant moves for judgment on the pleadings, consisting of a complaint and a demurrer thereto interposed upon the ground of insufficiency. The complaint alleges that the plaintiff now and at all times mentioned in the complaint is and was a foreign corporation of the state of Connecticut and that it " is authorized to transact business in the state of New York, and has offices for that purpose at No. 82 Beaver street, in the borough of Manhattan, city of New York." The complaint then goes on to allege that the defendant procured from the plaintiff

33

a certificate of marine insurance upon the false representation and warranty that he was authorized to procure such insurance in the name of one Abraham J. Berg. The relief asked is judgment for the amount of the premiums due on the certificate of insurance. The defendant assails the sufficiency of the complaint on the ground that it does not allege compliance with section 9 of the Insurance Law, which, so far as it need be quoted, provides as follows: " No corporation, nor any individual, as principal, shall transact the business of insurance within this state without the certificate of the superintendent of insurance, certifying under his hand and official seal that such corporation or individual has complied with all the requirements of law to be observed by such corporation or individual and that such corporation or individual is authorized to transact the business of insurance specified therein in this state." The first question is whether the complaint shows that the contract sued upon was one made in the state of New York. The plaintiff relies upon *Bremer* v. *Ring,* 146 App. Div. 724, in which case it was held that the action there alleged was not on an insurance contract made here, but on an account stated, without its appearing where it was stated. *Frick Co.* v. *Pultz,* 162 App. Div. 209, is a similar case, where the complaint was silent as to whether the contract sued upon was made within this state or outside the state. In the present instance, however, I think it is fair to infer from the complaint that the contract was made in the state of New York; otherwise the allegation as to authorization to transact business in this state and the maintenance of offices in the city of New York are meaningless. It is quite plain that an attempt has been made to plead authority to make the contract sued on within the state of New York, and the case should therefore be disposed of upon the

theory that the contract was made in this state. Thus construed and tested, the complaint is defective in failing to allege that at the time the contract was made authority to do business in this state had been procured. The allegation is that the plaintiff "is authorized to transact business in the state of New York." The failure to allege that such authority had been procured at the time the contract was made is rendered more pronounced by the fact that the allegation as to corporate existence uses the expression "now and at all times hereinafter mentioned." The plaintiff in its brief concedes that the section of the insurance act quoted is a condition precedent, and such, I think, is quite plainly the fact. In *Wood & Selick* v. *Ball,* 190 N. Y. 217, the court pointed out the distinction between section 15 of the General Corporation Law and section 181 of the Tax Law, indicating the reasons why the one prescribed a condition precedent, while the other prescribed only a condition subsequent. I think it is fairly clear that the provisions of section 9 of the Insurance Law are similar in the respect under discussion to those of section 15 of the General Corporation Law and impose a condition precedent. Consequently, it is for the plaintiff to allege compliance with such condition precedent in order to make a good complaint. The motion is therefore granted, with ten dollars costs, with leave to the plaintiff to amend its complaint within twenty days after service of a copy of the order to be entered hereon, with notice of entry thereof, and upon payment of such costs.

Ordered accordingly.