LOUIS H. GURA, Appellant, Respondent, *v.* SYDNEY H. HERMAN and Others, Executors, etc., of EDGAR GUGGENHEIM, Deceased, Respondents, Appellants.

Second Department, December 31, 1929.

*Irving I. Goldsmith* [*Maurice B. Rich* with him on the brief], for the plaintiff.

*Leonard Klaber,* for the defendants.

KAPPER, J. Plaintiff, a manufacturing jeweler, received an order from Edgar Guggenheim, defendants' testator, in the early part of February, 1928, to manufacture a diamond bracelet, the agreed price of which was $7,015. The bracelet was duly manufactured, but just prior to its delivery on March 5, 1928, to Rye Guggenheim, the testator's wife, Mr. Guggenheim died, his death occurring on March 3, 1928. The action is for the agreed price of the manufactured jewel.

It was stipulated that the order given by the decedent to plaintiff for this bracelet was an oral one, and that it was given at decedent's home, 320 West End avenue, New York city, at about noon of February 2, 1928.

Florence Wolff, a mutual acquaintance of Mr. and Mrs. Guggenheim, was present at their home at the time the order was given to plaintiff who called with a wax or plaster model of the bracelet. Her testimony detailed the conversation between plaintiff and Mr. Guggenheim, in the course of which the latter inquired what the cost of the bracelet would be, the plaintiff's answer being that he did not then know but that it would be " somewhere in the neighborhood of $7,000." Mrs. Guggenheim objected to the suggestion of the jeweler that he could make the price less by furnishing smaller diamonds, and Mr. Guggenheim finally said that his wife was the one who was going to wear it, " so go ahead, suit her, but just give me the bill," and he " then and there " ordered plaintiff to proceed with the manufacture of the bracelet and told plaintiff that the bracelet was " to be delivered to Mrs. Guggenheim."

The learned trial court thereupon announced that he would find for the plaintiff unless he concluded that the case fell within the Statute of Frauds, and did find that in giving the order to plaintiff to manufacture the bracelet, the decedent directed the plaintiff to deliver the bracelet, when manufactured, to his wife; that thereafter and on March 5, 1928, " and pursuant to the order given to the plaintiff by the decedent, the plaintiff did deliver the aforementioned bracelet to Rye Guggenheim, the decedent's wife." It was also found that the bracelet was not delivered to the deceased during his lifetime, nor to any lawful agent of his during his lifetime, nor to his executors after his death; that if any gift was intended the same was never consummated and that any

authority of Mrs. Guggenheim to receive or accept the bracelet " was revoked by the death of the deceased."

There is also a finding that the agreement for the manufacture and sale of the bracelet was void and unenforcible as within the Statute of Frauds.

In my opinion the decision was wrong in both aspects. From the argument before us, as well as the opinion of the trial court, it is claimed that the widow was without authority to receive this bracelet after her husband's death, and that it should have been delivered to the executors. The contest, therefore, is not that the estate can avoid liability, but the contention of the executors is that a gift was intended to the wife which might have been revoked by the testator in his lifetime and that his death without actual delivery by him ended the wife's interest or title in and to the bracelet.

The case seems to me to have lodged a misunderstanding in the minds of the executors. This contract was perfectly clear. It was to manufacture a bracelet to be delivered to the wife of Mr. Guggenheim to be paid for by him. Such a contract survived his death. Executory contracts are not terminated by the death of a party unless the contract is personal in its nature. When they are otherwise, the obligations survive against the party's estate. (2 Clark's N. Y. Law of Contracts, p. 1347.) It is a presumption of law, in the absence of express words, that the parties to a contract intend to bind not only themselves, but their personal representatives. (*Kernochan* v. *Murray*, 111 N. Y. 306.) " The presumption is that the party making a contract intends to bind his executors and administrators, unless the contract is of that nature which calls for some personal quality of the testator, or the words of the contract are such that it is plain no presumption of the kind can be indulged in." (*Chamberlain* v. *Dunlop*, 126 N. Y. 45, 52.)

We are urged to consider the case on the theory of an intended gift which was not completed by delivery when Mr. Guggenheim died and that Mrs. Guggenheim's interest in the bracelet was nothing more' than that of a prospective donee; and *Oatman* v. *Watrous* (120 App. Div. 66) is cited to that end. That case turned upon the insufficiency of evidence to establish the agreement relied upon. In the course of the opinion it was pointed out that the delivery of the goods to the wife of the decedent was not until months after the order was claimed to have been given to the plaintiff by the decedent, but, moreover, that the plaintiff's order to the foreign concern from which the plaintiff in turn bought the articles, was not transmitted by plaintiff until after the husband's

death; and in this connection the court added "that the plaintiff did not rely upon any order given by the decedent and did not, at the time of the delivery, look to his estate for payment." The decision, however, is embodied at the close of the opinion (per McLAUGHLIN, J., p. 73), viz.: "In conclusion I am clearly of the opinion that the evidence presented falls far short of establishing a contract or agreement, either express or implied (and this is the only ground upon which the plaintiff by any possibility could recover), on the part of the decedent to pay for the dresses and wearing apparel set out in the complaint, and for that reason his estate is not liable."

The situation disclosed in the last cited case is not here as I view the testimony and the findings. The material findings, based upon sufficient testimony and which justify a recovery by plaintiff, are that the contract was to manufacture the bracelet and deliver it to the decedent's wife, for which the decedent agreed to pay, and that this contract was fully carried out. Differences between the executors and the widow as to who shall now possess the bracelet cannot affect plaintiff's legal rights.

The Statute of Frauds was improperly applied to this case. The statute (section 85 of the Personal Property Law, as added by chapter 571 of the Laws of 1911, known as the Sales of Goods Act) renders unenforcible a contract for the sale of goods of fifty dollars or upwards in value unless there is an acceptance of part of the goods, or a part payment, or unless there be a writing. The exception in the statute contained in subdivision 2 is, "but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply."

The plaintiff's testimony shows that he was not a jewelry merchant, but that he was engaged solely in the business of making up articles of adornment, from jewels, upon special order work only, that his business was the making of "mountings for people who supply the stones," unless specifically requested to furnish the materials. As establishing that he came within the exception to the statute above quoted, he testified that the bracelet was an article not readily salable because it was below the average size, that it was a special design, being "designed to please one particular person, and it is hard to say whom else it will please." His further testimony was that this bracelet was made to measure Mrs. Guggenheim's wrist which was somewhat smaller than that of the average person, and that while it might fit some people it would not fit the general run. It may be stated that the bracelet, which was produced before us on the argument, showed several sections

and rows of small diamonds and a large pattern or figure in the center composed of larger stones. While it may be argued that the stones had a market value, the testimony showed a considerable expenditure in the work itself for which someone fancying this particular bracelet might not be inclined to pay. A loss would, therefore, follow in the event of a purchaser being obtained who fancied the ornament. The plaintiff should not be obliged to submit to such a risk by a ruling that he must endeavor to sell the bracelet. The evidence pointed to the single result, that plaintiff is what may properly be characterized as an artisan who made an article for personal adornment suitable to the size of the wearer and the latter's peculiar or æsthetic taste.

Whether the former distinction between an agreement to do work though it involved the furnishing of materials, such as the custom tailor, the custom bootmaker, the portrait painter and the monument cutter, and an agreement for the sale of goods, still persists, or whether the former classification is wholly incorporated in the exception to subdivision 2 of section 85 of the Personal Property Law, need not be decided as this case seems to me to fall within the scope of the exception above quoted. The bracelet, in my opinion, was neither intended nor adapted for the general market, and the Statute of Frauds does not stand in the way of the enforcibility of the contract sued upon.

The appeal from the order permitting the complaint to be amended to conform to the proof presents no question of merit.

At the inception of the trial, a jury was waived. This left the trial court to determine both the law and facts, and we are empowered to make the determination which should have been made by the trial court. (*Lamport* v. *Smedley*, 213 N. Y. 82, 85; *Middleton* v. *Whitridge*, Id. 499, 507.) I, therefore, advise that the judgment be reversed upon the law and the facts, with costs, and that judgment be directed for the plaintiff, with costs, and that findings inconsistent herewith be reversed and new findings and proper conclusions of law in accordance with the foregoing views, be made; and that the order amending the complaint, in so far as appealed from, be affirmed, without costs.

LAZANSKY, P. J., YOUNG, HAGARTY and CARSWELL, JJ., concur.

Judgment reversed upon the law and the facts, with costs, and judgment directed for plaintiff, with costs. Order amending complaint, in so far as appealed from, affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings and proper conclusions of law will be made. Settle order on notice.