ROBERT SEARLE, Plaintiff, *v.* SOUTHERN SURETY COMPANY OF NEW YORK, Defendant.*

Supreme Court, Cattaraugus County, November 11, 1930.

* See, also, 138 Misc. 699.

*Nolan & Flaherty [Ralph W. Nolan* of counsel], for the motion.
*Dowd & Shane [G. Sydney Shane* of counsel], opposed.

LARKIN, J. In this action the plaintiff seeks to recover, from the defendant, the amount of a judgment which he had previously recovered against one Whalen, growing out of a collision between the cars of plaintiff and Whalen. The complaint alleges that, prior to the rendition of the judgment, the defendant, through its duly authorized agent, at the city of Salamanca, N. Y., sold to Whalen the defendant's policy of liability insurance, wherein it agreed to indemnify Whalen against loss from liability imposed by law upon him for damage to property resulting through his operation of his automobile. The plaintiff further alleges that the defendant, although it sold this policy, failed to deliver it, notwithstanding the fact that the premium for same had been paid to the agent and accepted on behalf of the defendant.

The basis of the liability arises by reason of section 109 of the Insurance Law (as amd. by Laws of 1924, chap. 639), which provides, in substance, that no policy of insurance of this character shall be issued or delivered in this State, unless it contains a provision making the insurance carrier liable for a judgment recovered against the insured for damages to person or property arising through the operation, by the insured, of the automobile. Defendant contends that this section applies only where the policy has been actually written and issued to the insured, and containing the provision required by this section.

An examination of the complaint discloses that the pleader has alleged the issuance of a written contract of insurance by the defendant covering Whalen, indemnifying him against public liability which might arise because of the operation of his automobile. It is true that the plaintiff further states that this policy, although paid for, was never actually delivered to Whalen. Nevertheless, instead of pleading either an oral contract to insure or an oral contract of insurance, there is alleged a written contract of insurance. The mere fact that the policy was not actually delivered to the

insured would not prevent his recovering on such a written contract, if, in fact, one was actually issued and was intended to be the agreement of the parties. Inasmuch as the statute requires that such a policy contain the provision required by section 109 of the Insurance Law, it must be presumed that the policy so sold to Whalen did contain that provision (*Perlman* v. *Independence Indemnity Company of Philadelphia*, 134 Misc. 499), and that, therefore, the plaintiff, coming within the class provided for by the section, is entitled to maintain this action.

However, even assuming that it is intended by the complaint to allege an agreement for the making and delivery of the policy of insurance between the defendant and Whalen, nevertheless such an agreement constitutes a binding contract of insurance. (*Lewitt & Co., Inc.,* v. *Jewelers' Safety Fund Society*, 249 N. Y. 217, 221; *International Ferry Company* v. *American Fidelity Company*, 207 id. 350, 353.) It is apparent that, as far as Whalen was concerned, there was a valid contract of liability insurance. This contract of insurance, although verbal, embraced within it all provisions which the statute required to be inserted in policies of that character. (*Hicks* v. *British-American Assurance Co.*, 162 N. Y. 284, 288.) Therefore, even conceding that the complaint shows, merely, an oral contract of insurance, it states a cause of action.

Defendant's motion is denied, with ten dollars costs, with leave to answer within ten days after the entry and service of a copy of the order to be entered herein.