ROBERT SEARLE, Plaintiff, v. SOUTHERN SURETY COMPANY OF NEW YORK, Defendant.*

Supreme Court, Cattaraugus County, December 31, 1930.

* See, also, 139 Misc. 175.

*Dowd & Shane,* for the plaintiff.

*Nolan & Flaherty [Ralph W. Nolan of counsel],* for the defendant.

HARRIS, J.  This is an action at law tried before the court and a jury at the December, 1930, term at Cattaraugus county.  The case was rested on the proof made by the plaintiff, and it was stipulated that the jury be withdrawn and the issues disposed of by the court without a jury.

The proof made by the plaintiff was as follows: That on the 2d day of July, 1929, the defendant appointed one Miller as its agent in the territory comprising Salamanca and vicinity in New York State, authorizing him to receive applications for automobile liability insurance, and providing that all premiums received by the agent are to be held by him as the property of the defendant.  On August 31, 1929, one Thomas Whalen, who resided in the vicinity of Salamanca, when solicited by the said Miller, asked for liability insurance on a Chrysler coach owned by the said Whalen, and after some conversation was informed by the said Miller that insurance on such coach would start in the defendant company, in favor of the said Whalen, at noon on the 31st day of August, 1929.  At the time of such conversation the said Whalen paid to the said Miller the sum of five dollars to apply on the premium, which was thirty-three dollars and thirty cents.  The policy was never actually written, and so was never delivered in written form to the said Whalen.  Subsequent to the first payment the said Whalen paid to the said Miller the further sum of ten dollars on account of such premium, and at various times the said Miller stated that such policy would be sent from the Buffalo office and delivered to the said Whalen.  On December 25, 1929, the Chrysler coach owned by the said Whalen was involved in a collision with a car owned by the plaintiff; the facts of the accident were reported by Whalen to the agent Miller.  Subsequently the plaintiff sued Whalen for damages arising out of the collision, and Whalen delivered the summons and complaint to Miller, who said that the defendant would take care of the matter.  No answer was interposed on behalf of the defendant in said action, and on default a judgment was secured against the then defendant Whalen by the now plaintiff in the sum of $458.78, which judgment has been returned unsatisfied.  The defendant Whalen has been insolvent since the entry of such judgment.

The plaintiff herein claims a right to bring this action against the defendant by virtue of section 109 of the Insurance Law (as amd. by Laws of 1924, chap. 639), which, in the part pertinent to this action, provides as follows:

" § 109. Standard provisions for liability policies. No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or, against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall be issued or delivered in this state by any corporation or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy. No such policy shall be issued or delivered in this state on or after July first, nineteen hundred and twenty-three, by any corporation or other insurer authorized to do business in the state, unless there shall be contained within such policy a provision that notice given by or on behalf of the insured to any authorized agent of the insurer within this state, with particulars sufficient to identify the insured, shall be deemed to be notice to the insurer; and also a provision that failure to give any notice required to be given by such policy within the time specified therein shall not invalidate any claim made by the insured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible. * * * .

"A policy issued in violation of this section shall, nevertheless, be held valid but be deemed to include the provisions required by this section * * *."

A third party bringing an action, by virtue of the above-mentioned provisions of section 109 of the Insurance Law, can only avail himself of the effect of such provision if the policy in question was in full force and effect for the benefit of the insurer. (*Seltzer* v. *Indemnity Insurance Company of North America*, 252 N. Y. 330; *Coleman* v. *New Amsterdam Casualty Co.*, 247 id. 271.)

So before the plaintiff may recover herein it is necessary to establish that at the time of the accident in suit, hereinbefore referred to, there was in full force and effect an agreement of insurance

between the said Whalen and the defendant herein, and that such agreement included the provisions of section 109 of the Insurance Law. The statement of the agent Miller to the said Whalen, that he was insured beginning at noon, August 31, 1929, was equivalent to an oral contract of insurance on the part of the defendant herein. This being established, it is conclusively presumed that such agreement did not violate the law of the State, but that it included all of the provisions required by the law to be included in such a policy, including the provisions of section 109, above quoted. (*Hicks* v. *British American Assurance Co.*, 162 N. Y. 284; *Perlman* v. *Independence Indemnity Co. of Philadelphia*, 134 Misc. 499.)

Therefore, the oral contract of insurance made between the said Whalen and the said agent Miller, on behalf of the defendant herein, contained the provisions of section 109, and this plaintiff may avail himself of the benefits of such provisions and be reimbursed for his damage by the defendant herein.

In view of the foregoing, the plaintiff may have judgment against the defendant for the amount of the judgment heretofore entered against the said Whalen, on behalf of said plaintiff herein, and for interest thereon and for the costs of this action.

I have been unable to find any case similar to this in the books, but I have been greatly aided in the disposition of this motion by a memorandum (139 Misc. 175), written by Mr. Justice Larkin of this court, on a motion heretofore made by the defendant herein, for dismissal of the complaint herein on the ground that it did not state facts sufficient to constitute a cause of action.