AMELIA C. GUMBS, Respondent, v. JOSEPHINE KLOVRZA, Defendant, and THE CITY OF NEW YORK, Appellant.—Action against the city of New York and a property owner for personal injuries caused by falling in a depression or irregularity in a sidewalk. Judgment for plaintiff and against the city of New York reversed on the law and the facts, with costs, and complaint dismissed, with costs. The depression, as described by plaintiff and her witnesses, was not more than four inches in depth and was not of such a character as to charge the city with negligence. (*Beltz* v. *City of Yonkers*, 148 N. Y. 67; *Hamilton* v. *City of Buffalo*, 173 id. 72; *Butler* v. *Village of Oxford*, 186 id. 444, and *Lalor* v. *City of New York*, 208 id. 431.) The court charged the jury that the plaintiff did not claim that the depression constituted a trap, to which charge no exception was taken. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.

EDWIN V. HELLAWELL, as Receiver of THE FIRST NATIONAL BANK OF HEMPSTEAD, N. Y., Respondent, v. WILLIAM F. FOWLER, Appellant; JEANNETTE D. FOWLER, Defendant.— The action was brought by the receiver of an insolvent bank upon four promissory notes, all of which were made by the defendant husband and two of which were indorsed by the defendant wife. Upon a directed verdict, judgment was entered against both defendants upon the notes indorsed by the wife, and against the defendant husband only, in the sum of $53,376.22, upon the notes not indorsed. No appeal has been taken from that part of the judgment which is against both defendants. Judgment, in so far as it is against William Fowler in the sum of $53,376.22, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

WILFRED L. HINKLE and Another, Copartners, Trading under the Firm Name and Style of HINKLE & FINLAYSON, Respondents, v. GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant.— Plaintiffs' property was damaged through the negligent operation of a tugboat whose owner was insured by defendant against property damage in the operation of the tug. The policy contained no provision of liability on the part of defendant in the event that the tugboat owner failed because of insolvency to pay a judgment obtained because of negligence in the operation of the tugboat. Section 109 of the Insurance Law requires that no insurance policy against loss or damage to property caused by any vehicle drawn, propelled or operated by any motive power, shall be issued unless it shall contain a provision that the insurance company will be liable to the person whose property has been damaged if because of insolvency the assured cannot pay. It was held by the trial court, on a motion for judgment on the pleadings and for summary judgment in favor of plaintiffs, that the words " vehicle drawn, propelled or operated by any motive power " included the tugboat operated by the assured. Orders and judgment affirmed, with ten dollars costs and disbursements. Lazansky, P. J., Carswell, Tompkins and Davis, JJ., concur; Johnston, J., dissents with the following memorandum: I dissent and vote to reverse both orders and the judgment, to grant defendant's motion and to deny plaintiffs' motion. I do not believe the word " vehicle " as used in section 109 of the Insurance Law includes a vessel or tugboat, nor do I believe that *Hansen* v. *Continental Ins. Co.* (262 N. Y. 136), relied upon by Lewis, J., is applicable.