INDIANA LIMESTONE COMPANY OF NEW YORK, INC., Respondent, v. HARRY BERNSTEIN CUT STONE COMPANY, INC., Appellant.

First Department, February 13, 1942.

*David Morgulas* of counsel [*M. Carl Levine, Morgulas & Foreman,* attorneys], for the appellant.

*Frank W. Harris* of counsel [*Stephen C. Kollmar* with him on the brief; *Frank W. Harris,* attorney], for the respondent.

UNTERMYER, J. The plaintiff's motion for summary judgment dismissing the setoff asserted in the defendant's amended answer has been granted by the Special Term upon the ground that the contract therein alleged is unenforcible by reason of the Statute of Frauds.

In its setoff the defendant asserts a contract whereby the plaintiff's assignor agreed to furnish to the defendant a quantity of limestone to be quarried and cut in conformity with plans and specifications for the construction of two schools by the board of education. It appears not to be disputed that the limestone was to be cut to special sizes and would not have been suitable for sale to others in the ordinary course of the business of the plaintiff's assignor. The defendant alleges that the plaintiff refused to perform the contract and thereby imposed on the defendant the necessity of purchasing the limestone elsewhere at an increased price.

The question presented is whether such a contract, of which there was no note or memorandum, is within that exception of the statute which provides that " if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply." (Pers. Prop. Law, § 85, subd. 2.) The plaintiff contends, and the Special Term has held, that the exception operates only in favor of the seller and does not apply where the purchaser asserts a claim for the breach of the contract. We are referred to no decision which sustains that view nor does the statute contain any suggestion that the exception shall apply only to the seller. On the contrary, it is provided that the statute " shall not apply " to a transaction which contemplates the production of merchandise on special order and not suitable for sale to others. Such transactions are thereby excluded from the operation of the statute and, though not in writing, may be enforced by either party.

These provisions give statutory recognition to earlier decisions which, in varying degree, had held transactions of this character to be in the nature of contracts for work and labor rather than for the sale of merchandise (1 Williston on Sales [2d ed.], §§ 55, 55a and authorities cited) and, therefore, not within the operation of the Statute of Frauds. Such a contract is enforcible by the seller as a contract for work and labor. (*Gura* v. *Herman,* 227 App. Div. 452; affd., 253 N. Y. 618.) It does not change its char-

acter and become a contract for the sale of merchandise when it is the purchaser who demands that it be enforced.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion denied.