■ JOSEPH J. GALLO, Respondent, v. BRENGARD CONSTRUCTION CO., INC., Appellant.— Plaintiff and defendant entered into an agreement, called a binder, pursuant to which plaintiff paid defendant the sum of $500 as a deposit for the construction of a house on certain lots owned by plaintiff. The binder provided that the deposit shall be applied to the cost of preparing

plans and specifications and to the purchase price, and also that if a mortgage commitment be not granted, plaintiff was to receive the plans and specifications and a refund of $300. Plaintiff obtained a mortgage commitment, but the parties were unable to obtain a building permit because of lack of proper sewerage facilities in the area. The permit having been withheld but not refused, plaintiff sued to recover the amount deposited. Defendant, claiming that it expended about $750 for plans and specifications, deposits on orders for materials and for other things, counterclaimed for the difference of $250 — crediting the deposit of $500. The court found in favor of plaintiff on the ground that the binder is insufficient to satisfy the requirements of section 259 of the Real Property Law, and held that the binder is merely a receipt. Defendant's counterclaim was dismissed on the ground that, since there is no enforcible contract in existence, a counterclaim based upon an alleged breach of such contract may not be sustained. Judgment of the City Court of White Plains reversed and a new trial granted, with costs to appellant to abide the event. The binder or agreement was one for the construction of a building. Such contracts do not fall within the Statute of Frauds but are for work, labor and services. (2 Williston on Contracts [Rev. ed.], § 493, p. 1423; 1 Williston on Sales [Rev. ed.], §§ 55, 55-a; Benjamin on Sale [7th ed.], p. 178; *Indiana Limestone Co.* v. *Bernstein Cut Stone Co.*, 263 App. Div. 312; *Courtright* v. *Stewart*, 19 Barb. 455.) Defendant may be entitled to recover the damages sustained for the work, labor and services rendered by it. (*Sturtevant* v. *Fiss, Doerr & Carroll Horse Co.*, 173 App. Div. 113; *McKeon* v. *Van Slyck*, 223 N. Y. 392.) Even if this be considered a contract void under the Statute of Frauds, plaintiff may not recover unless defendant has repudiated the contract or is unable or unwilling to perform. (*Graham* v. *Healy*, 154 App. Div. 76; *Keystone Hardware Corp.* v. *Tague*, 246 N. Y. 79.) Nolan, P. J., Beldock, Ughetta and Hallinan, JJ., concur; Wenzel, J., concurs in result.