Per Curiam.

Plaintiff, as owner of a business for the servicing of neon signs, entered into two contracts with the defendant whereby, for a stated monthly charge, he agreed to replace defective or broken neon tubes, and also to perform other maintenance services in connection with defendant’s signs. Insofar as these contracts obligated plaintiff to replace parts which he had not manufactured or sold they are contracts of insurance, and are unenforcible since plaintiff was not licensed to do an insurance business. (Insurance Law, §§ 40, 41; cf. Automobile Ins. Co. v. Barondess, 107 Misc. 513; 1 Richards on Insurance [5th ed.], § 7.) Plaintiff’s obligation was not related to the quality or efficiency of an article made or sold by him (Ollendorff Watch Co. v. Pink, 279 N. Y. 32) but was the assumption of a fortuitous risk and constituted “ doing an insurance business ’ ’ as defined in section 41 of the said statute. .(See 1949 Atty. Gen. 153.) However, inasmuch as the contracts herein were merely malum prohibitum plaintiff should not ■be precluded from prosecuting his claims in quantum meruit.
The judgment should be unanimously reversed upon the law and facts and a new trial granted, with $30 costs to defendant to abide the event.
Pette, Hart and Brown, JJ., concur.
Judgment reversed, etc.