Frank A. Gulotta, J.
This motion to dismiss a complaint as insufficient in law, presents a question not often encountered.
It is a suit on a contract which, although drafted by the defendant on its own letterhead and purports to be a binding *771 agreement for three years, the defendant contends is unenforcihle, because it lacks mutuality.
In other words, he says, even though you prepare an agreement, if you make it one-sided enough, so that the other party is bound to do absolutely nothing, then the so-called agreement is legally worthless.
This is a sound statement of the law, if we add the caution that the law, mindful of the fact that he who brought the agreement into existence and thus is primarily responsible for its inadequacy and should justly suffer for its shortcomings, will construe it so as to resolve all uncertainties in favor of the other side. (Gillet v. Bank of America, 160 N. Y. 549.)
Examined in this light, what does the agreement state? Briefly, it is a letter addressed to the plaintiff by the defendant steel corporation which appoints the plaintiff the sole distributor for its Stulladder line of ladders, for all of the United States and Canada. It agrees to pay the plaintiff a 10% selling commission on all orders procured by it (the plaintiff is addressed as a trade name, but appears to be actually a partnership consisting of two people), and on reorders made directly to defendant. The orders are subject to being “ processed, as to price, delivery time and ” establishment of proper credit by the buyer.
Plaintiff is to assist in the collection of bad accounts and is to prepare and distribute all advertising material after defendant approves and pays for it.
The term of three years is automatically renewable, unless affirmatively terminated. The copy attached to the plaintiff’s brief is signed by the defendant. Presumably a copy signed by the plaintiff was returned to defendant.
It will be observed that this contract is not entirely lacking in mutuality. It is true that the plaintiff does not undertake to do much, but he does undertake to do something. While he does not bind himself to sell any particular number of ladders, or even one ladder, there is no rule of law that he do so, since the rule of mutuality does not contemplate the court’s weighing the value of defendant’s bargain.
“ The slightest consideration is sufficient to support the most onerous obligation; the inadequacy, as has been well said, is for the parties to consider at the time of making the agreement, and not for the court when it is sought to be enforced. It is competent for the parties to make whatever contracts they may please, so long as there is no fraud or deception or infringement of law. Hence, the fact that the bargain is a hard one will not deprive it of validity.” (17 C. J. S., Contracts, § 127, pp. 474- *772 475; Mandel v. Liebman, 303 N. Y. 88, 93.) Therefore I would not be inclined to upset this contract for want of mutuality, if it were otherwise unobjectionable.
The answer to the defendant’s protest that under the contract he is required to keep facilities for ladder manufacture constantly ready, while the plaintiff is not specifically bound to sell any ladders, is, that it was he who proposed such a contract in the first place.
Furthermore, it may very well be that there is a background to this situation, as for instance, that the plaintiff has a large established marketing organization, in which case the contract should be interpreted in such a context. From this might be implied an obligation on the plaintiff’s part, to use that organization to further the sale of defendant’s ladders. This would make this case, in principle at least, much like that considered by the Court of Appeals in Wood v. Duff-Gordon (222 N. Y. 88, 90), where the contract itself contained “ a wealth of recitals ” from which the court inferred implied obligations, although I would be inclined to think, that the plaintiff here would have to plead such outside facts, if they exist, in order to rely upon them.
However, in my view the contract is too indefinite to be enforced, and the defect cannot be supplied by an amended pleading. It is in effect, a contract to make a contract, or a series of contracts in the future.
The provision that all orders are to be “ processed ” as to price, delivery, etc., leaves for future negotiation the most essential elements of a contract.
This case is much like that considered by the Appellate Division in the First Department in Plant Mfg. Corp. v. Renner (214 App. Div. 606) where a contract between a manufacturer and a sole and exclusive selling agent (he was so called although three specified customers were excepted from his franchise) was held to be unenforcible, because the quantities and costs of goods to be ordered were subject to a future mutual agreement.
Many cases have permitted contracts to stand, which on their face seem indefinite, but which were capable of being reduced to definite terms by reference to some outside event, which was not subject to the whim of either party. They are collected in the opinion in Schlegel Mfg. Co. v. Cooper's Glue Factory (231 N. Y. 459), e.g., where a purchaser contracts to buy all his requirements of an article necessary to be used in a business carried on by him (Wells v. Alexandre, 130 N. Y. 642), or for all the cans needed in a canning factory (Dailey Co. v. Clark Can Co., 128 Mich. 591), and similar cases.
*773 The contract in the Schlegel case itself did not want for definiteness. Its fault lay in the fact that it was completely unilateral and, since it was a nonexclusive agency, there was no obligation on the part of the plaintiff to be implied. It was more of a gratuitous option to the plaintiff, a dealer, to purchase glue for 9 cents per pound and when the market price of glue went to 24 cents per pound as a result of the First World War, the plaintiff decided, not unnaturally, to avail himself of the option.
Therefore, although we come to the same result in the instant case, we do so for a different reason.
For the reasons indicated, the motion is granted.
Short-form order signed.