Lawrence H. Cooke, J.
Defendants move for summary judgment in favor of defendant New York Mutual Underwriters. The second cause of action in the complaint is asserted against defendant New York Mutual Underwriters (hereinafter referred to as the defendant) and is based on a certain fire insurance policy allegedly issued by it.
Without attempting to recite all items of proof or contentions, it appears, among other things, that on the face of the policy and beneath the number thereof is a trade-mark or design and around the same are the words in block type “ New York Mutual Underwriters ”, that to the right in smaller type but clearly visible are listed four insurance companies, viz.: The Co-operative Fire Insurance Company of Catskill, New York; Security Mutual Fire Insurance Company; Sterling Fire Insurance Company and Tompkins Cooperative Fire Insurance Company; that the policy was signed by said four companies and also by Edward F. Curren as managing agent, said Edward F. Curren being the manager of the defendant; that the policy provides: “ Assignment of this policy shall not be valid except with the *654 written consent of this company ” and that beneath the signatures is an assignment of interest by insured form which is blank but which includes the words “ subject to the consent of the hew tork mutual uhderwriters ”, without reference to the said four companies; that beneath said form is another blank form entitled “ cohseht bt compaht to assighmeht of ihterbst” which starts with the words “the hew tork mutual uhderwriters hereby consent”; that the words “this Company ” appear frequently in the policy although above said signatures the words “ these several Companies have executed and attested these presents” appear; that an installment premium indorsement is attached to the policy which has a blank line at the end of which was printed “Insurance Company” and “ New Tork Mutual Underwriters ” was inserted and typed in on said line and said indorsement sets forth the words ‘ ‘ the Company ” twice; that said policy also has a blank cancellation form to the right of which the words “ Give Information Applying to Replacing Policy Covering Same Property”, beneath which there is printed the word “ Company” to the right of which has been inserted and typed on a line “New Tork Mutual Underwriters”; that following the fire in question plaintiff Posner received a letter from the General Adjustment Bureau, Inc., at Monticello, New Tork, stating among other things: “ the New Tork Mutual Underwriters, under its policy #A21718 ” and “the said insurance company” and that said letter was signed “ hew tork mutual uhderwriters By: General Adjustment Bureau, Inc. Monticello, New Tork ”; that a proof of loss form was enclosed with said letter and that said form is claimed by plaintiffs to have been filled in by the General Adjustment Bureau so as to be directed “ To the New Tork Mutual Underwriters ’ ’; that the original policy is claimed by plaintiffs to have been sent to a mortgagee and that the certificate supplied to plaintiff Posner did not set forth the signatures of the four companies; that this action against defendant was started prior to the expiration of one year from the date of the fire but that this motion was made after said year had expired.
Proof also has been given that New Tork Mutual Underwriters is not a corporation and not an insurance company licensed to do business in the State of New Tork but that the four companies aforesaid are licensed advanced premium co-operative fire insurance companies. The moving parties contend that it is a service organization and that it does not engage in liability under said policy but that the listed companies do.
*655 The first and most serious question presented is whether defendant, not being an insurance company licensed to do business in the State of New York, can enter into an insurance contract that is enforcible by an insured. Subdivision 1 of section 40 of the Insurance Law provides: “No person, firm, association, corporation or joint-stock company shall do an insurance business in this state unless authorized so to do by a license issued and in force pursuant to the provisions of this chapter, or unless exempted by the provisions of this chapter from the requirement of having a license to do business ’ ’. Under subdivision 3 of section 41 of said law the term ‘ ‘ doing an insurance business ” includes “ the making, as insurer, or proposing to make as insurer, of any insurance contract ’ ’. See sections 5 and 43 of the Insurance Law, the former providing that a violation of said law shall, unless same constitutes a felony, be a misdemeanor.
However, subdivision 1 of section 143 of the Insurance Law provides: “Except as otherwise specifically provided in this chapter any contract or policy of insurance or annuity contract delivered or issued for delivery in this state in violation of any of the provisions of this chapter shall be valid and binding upon the insurer making or issuing the same, but in all respects in which its provisions are in violation of the requirements or prohibitions of this chapter it shall be enforceable as if it conformed with such requirements or prohibitions.” (See Insurance Law, § 392.)
Even apart from this explicit statutory declaration there is authority to indicate that a contract or policy of insurance delivered in violation of statute is binding and valid as against the insurer making or issuing same. In Hopkins v. Connecticut Gen. Life Ins. Co. (225 N. Y. 76) the Court of Appeals held at page 82: “ No corporation issuing a policy may escape liability because of its failure to obey the law ”. In volume 19 of Insurance Law and Practice by Appleman it is stated at pages 224-225: “ The weight of recent authority is to the effect that the insurance company cannot, itself, rely either upon its own lack of authority or violation of law as a defense to an action upon an insurance contract, or upon a lack of authority or violation of law by its agents ’ ’. In Law of Insurance by Cady we read at page 37: “ By the weight of authority, where the statute does not declare the policy void, the principle of (1) estoppel is raised against the insurer to prevent it from profiting by wrongfully receiving the premium. Or, (2) by the application of the doctrine of ultra vires, the insurer is held liable where it appears that the corporation has received some part of the consideration *656 from one who is not in pari delicto; or (3) by construing the statute as not evidencing a legislative intent to prohibit the formation of the contract in a ease where the penalty for violation is imposed solely on the corporation, the agent or the broker, the insurer is held ”. Under section 601 of the Restatement of the Law of Contracts the following illustration is given: “ 5. In a State where a standard form of fire insurance policy is prescribed by statute A, an insurance company, issues to B a policy on his house varying from the standard form. B’s house is destroyed by fire. A is under a duty to pay the insurance ”. In Rosasco Creameries v. Cohen (276 N. Y. 274, 278) it was held: “ Illegal contracts are generally unenforcible. Where contracts which violate statutory provisions are merely malum prohibitum, the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied. (See Williston on The Law of Contracts, vol. 3, § 1789; vol. 5 (2d ed.), § 1630. Cf. American Law Institute, Restatement of the Law of Contracts, §§ 548, 600.) ” (See De Ville v. Continental Assur. Co., 10 A D 2d 386, affd. 8 N Y 2d 1080; Allick v. Columbian Protective Assn., 269 App. Div. 281, affd. 295 N. Y. 603; Jackson v. Citizens Cas. Co., 277 N. Y. 385, 390,392; Sajor v. Ampol, Inc., 275 N. Y. 125,130-131; Skenandoa Rayon Corp. v. Halifax Fire Ins. Co., 245 App. Div. 279, affd. 272 N. Y. 457; Hinkle v. Globe & Rutgers Fire Ins. Co., 246 App. Div. 737, affd. 271 N. Y. 585; Bakker v. Ætna Life Ins. Co., 264 N. Y. 150; Indemnity Ins. Co. of North America v. Rosner, 12 A D 2d 916; Bovino v. Berberian, 255 App. Div. 143; Jewish Mental Health Soc. v. Village of Hastings-on-Hudson, 255 App. Div. 77, 79; Farber v. Aquino Sons, 253 App. Div. 600; [American] Lumbermens Mut. Cas. Co. v. Timms & Howard, 108 F. 2d 497, and n. p. 502; Greenstein v. Weiner, 9 Misc 2d 259; Travelers Ins. Co. v. Russo, 155 Misc. 589; Searle v. Southern Sur. Co., 138 Misc. 699, 702; Akers v. Mutual Life Ins. Co. of N. Y., 59 Misc. 273; Payne v. Equitable Life Ass. Soc. of U. S., 14 A D 2d 266; Allstate Ins. Co. v. Alford, 25 Misc 2d 707; Zurich Ins. Co. v. Martinez, 24 Misc 2d 437; Lusardo v. Harper, 116 N. Y. S. 2d 734; Tracy v. Talmage, 14 N. Y. 162.)
The moving papers state that defendant “ is not a corporation and never was Said papers do not disclose the nature of its legal entity and therefore the moving party has hot fulfilled its burden in this regard on this application (O'Connor- *657 Sullivan v. Otto, 283 App. Div. 269; Dwan v. Massarene, 199 App. Div. 872; Tripp, Motion Practice, 1949-55 Supp., p. 237), if it is claimed that defendant for some reason by virtue of its legal entity is immune from suit.
If defendant claims that it would be an illegal contract if it were construed that defendant was the insurer under the policy in question, it should be pointed out that the illegality of a contract, unless it appears upon the face of the complaint, is a defense to be pleaded (Brearton v. De Witt, 252 N. Y. 495, 500). Here, such illegality does not appear on the face of the complaint nor has it been pleaded in the answer. Upon a motion for summary judgment as upon a trial, a party can recover only according to his proofs and according to his pleadings (Progressive Credit Union v. Mt. Vernon Wiping Cloth Corp., 5 A D 2d 166; Levins v. Troy Associates, 21 Misc 2d 543).
Here, defendant was named in the contract or policy of insurance in question and its manager executed same. Although there is a presumption of law, in the absence of express words to the contrary, that the parties to a contract intend to bind not only themselves but their personal representatives (Gura v. Herman, 227 App. Div. 452, affd. 253 N. Y. 618; Kernochan v. Murray, 111 N. Y. 306), we are also aware of the well-recognized rules: that, where a contract may be construed in more senses than one, such construction should be adopted as will be more beneficial to and as understood by the promisee (O’Neil Supply Co. v. Petroleum Heat & Power Co., 280 N. Y. 50, 55); that he who brought the agreement into existence and thus is primarily responsible for its inadequacy should justly suffer for its shortcomings (Steinhilber v. Challenger Steel Prods. Corp., 19 Misc 2d 770,771); that one who draws the contract and offers it should have the ambiquity resolved against him (Taylor v. United States Cas. Co., 269 N. Y. 360, 364; Bints v. City of Hornell, 268 App. Div. 742, 747, affd. 295 N. Y. 628) ; and that where the contract is on a printed blank furnished by one of the parties and, if its provisions are doubtful, that which is written or typewritten should control the interpretation of the instrument (10 N. Y. Jur., Contracts, § 218).
The doctrine of estoppel must be considered. An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury; and a party may not, even innocently, mislead an opponent and then claim the benefit of his deception (Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N Y 2d 443,448; Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285, 292).
*658 It is elementary to state that to grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & Sons v. City of New York, 301 N. Y. 118, 121). This drastic remedy should not be granted where there is any doubt as to the existence of such issues or where the issue is “ arguable ”, since issue-finding rather than issue-determination is the key to the procedure (Falk v. Goodman, 7 N Y 2d 87, 91; Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404; Braun v. Carey, 280 App. Div. 1019; Esteve v. Abad, 271 App. Div. 725).
Here, it cannot be said that it clearly appears that there are no material and triable issues of fact or that there is no doubt about same or that it is not even arguable.' On the contrary, it is apparent that there are such issues.
First of all, there are issues as to the construction of the contract or policy of insurance in question. The party seeking summary judgment in an action which turns on the construction of a contract has the burden to establish that the construction which it seeks to put upon the words of the contract is the only construction which can fairly be placed thereon (Dowdle v. Richards, 2 A D 2d 486, 489) and the defendant has not met that burden here. Where there are unresolved doubts as to the meaning of language from context or other written words, such doubts must he settled by extrinsic proof but the complete instrument in the light of the obligation as a whole is the main guide to construction (Nash v. Gay Apparel Corp., 9 A D 2d 345, affd. 8 N Y 2d 978). Written words may have more than one meaning and, while parol will not be allowed to change plain meanings, it may be useful to illuminate doubtful ones (Heller v. Pope, 250 N. Y. 132, 135; Nash v. Gay Apparel Corp., supra). There is an ambiguity here as to the insurer of the policy in question and the presence of an ambiguity in a contract usually requires the denial of a motion for summary judgment (O’Connor-Sullivan v. Otto, 283 App. Div. 269, supra; Utica Carting, Storage & Contr. Co. v. World Fire & Marine Ins. Co., 277 App. Div. 483; Frank Associates v. Ryan & Sons, 281 App. Div. 665; Smith v. Smith, 277 App. Div. 694).
Furthermore, there are issues as to estoppel. To what extent did defendant participate in the execution and delivery of the policy! What did defendant do subsequent to the fire, particularly with reference to the proof of loss! What was the authority of the General Adjustment Bureau! Did plaintiffs rightfully rely upon the word or deed of defendant! Did plaintiffs change their position in reliance thereon and to their injury! In Joehl v. Tricarico (271 App. Div. 898) the Appellate Division held *659 that summary judgment should not have been granted since factual questions were presented as to whether defendant by her conduct estopped herself from denying her husband’s authority or from invoking the aid of the Statute of Frauds. Application denied.