■ GEORGE McCAFFREY et al., Respondents, v EDWARD STRAINER, Doing Business as STRAINER'S CONSTRUCTION, Appellant, et al., Defendant. (Action No. 1.) GREENWICH CONCRETE PRODUCTS, INC., Respondent-Appellant, v GEORGE McCAFFREY et al., Respondents, and EDWARD STRAINER, Doing Business as STRAINER'S CONSTRUCTION, Appellant-Respondent. (Action No. 2.) — Appeal, in Action No. 1, from a judgment of the Supreme Court in favor of plaintiffs, entered November 23, 1979 in Washington County, upon a decision of the court at a Trial Term, without a jury. Cross appeals, in Action No. 2, from a judgment of the Supreme Court in favor of plaintiff, entered October 10, 1979 in Washington County, upon a decision of the court at a Trial Term, without a jury. In October of 1975, plaintiffs George and Ilona McCaffrey met with George Strainer and Oliver Seib, president of Greenwich Concrete Products, Inc. (Greenwich) to discuss the construction of a home on property owned by the McCaffreys in Washington County. Mr. Strainer agreed to build the McCaffreys a house without a written contract and expressly promised that the basement would be properly constructed and would be free of any water. Strainer in turn subcontracted with Greenwich for the latter to do the foundation work. Although Greenwich had originally intended to install a drainage system around the foundation, Strainer informed Greenwich that such work was not Greenwich's responsibility. In January of 1976, the McCaffreys visited the site of their home and noticed a number of hairline cracks in the foundation. The McCaffreys moved into the house in June of 1976 and were plagued by water seepage in the basement which made it impossible to use it as a family room as originally intended. All payments under the contract were made to Strainer by the McCaffreys except for one. This unpaid balance involved payment for the foundation work. As a result of the water seepage, plaintiffs instituted Action No. 1 against Strainer and Mr. Seib, president of the Greenwich corporation, based on breach of contract and breach of express and implied warranties, seeking damages to make the necessary repairs. Action No. 2 was commenced by Greenwich in June of 1977 against the McCaffreys, as the property owners, and Strainer, as general contractor, seeking payment of the balance due for the foundation work. After a nonjury trial, the court concluded that the lack of a drainage system was the cause of the water seepage. As a result, in Action No. 1, the trial court ordered that Strainer pay to the McCaffreys the cost of repairing the foundation and that the McCaffreys' complaint against Seib be dismissed. In Action No. 2, the court ordered that Strainer pay Greenwich the unpaid balance due on the foundation work and that Greenwich's complaint against the McCaffreys be dismissed and the McCaffreys' counterclaim against Greenwich be dismissed. Strainer now appeals both judgments and Greenwich cross-appeals from the judgment entered in its favor in the second action insofar as it dismissed the complaint against the McCaffreys. Strainer contends that since the alleged contract is not in writing, its enforcement is barred by the Statute of Frauds (General Obligations Law, § 5-701). We disagree. An agreement for the construction of a building does not fall within the Statute of Frauds as a contract for the sale of an interest in real property (see *Gallo v Brengard*

*Constr. Co.,* 1 AD2d 840, 841; 56 NY Jur, Statute of Frauds, § 103). Nor is this a contract which is not to be performed within one year (General Obligations Law, § 5-701, subd a, par 1). Next, Strainer asserts that he was not the general contractor and thus he has no liability for the faulty foundation work. This contention is without merit. Regardless of Strainer's status as a general contractor, his express promise to provide the McCaffreys with a waterproof basement and his failure to perform that promise constitutes a breach of contract and thus Strainer is liable for the damages which arise out of such breach. Further, we find that the evidence in the instant case clearly supports the trial court's finding that Strainer was the general contractor and that Greenwich was a subcontractor. Thus, the trial court properly held that, as a subcontractor, Greenwich is entitled to payment from Strainer for the balance due for the foundation work. Greenwich contends on this appeal that a landowner who has had the benefit of a subcontractor's services, pursuant to a contractual obligation with the general contractor, can be held liable for such services. Greenwich argues that the trial court's order dismissing Greenwich's complaint against the McCaffreys was, therefore, in error. We disagree. "It is well settled that a landowner who has had the benefit of a subcontractor's services pursuant to a contractual obligation with a general contractor in a construction contract is not liable for the work done by the subcontractor unless he has, in some way, agreed to pay therefor" *(Custer Bldrs. v Quaker Heritage,* 41 AD2d 448, 451). We find no such promise by the McCaffreys in the instant case. Finally, it should be noted that since the McCaffreys withheld the final $2,383 payment on the contract because of the water damage, the trial court should have subtracted this amount from the sum necessary to repair the foundation, thus reflecting the McCaffreys' true measure of damages. "It is elemental that damages cannot be recovered in excess of the actual damage sustained" *(France & Canada S.S. Corp. v Berwind-White Coal Min. Co.,* 229 NY 89, 95). Accordingly, the McCaffreys' award of $3,849 against Strainer should be reduced by $2,383 and Greenwich's award of $2,383 against Strainer should stand. Judgment, in Action No. 1, modified, on the law and the facts, by reducing the award to $1,466, and, as so modified, affirmed, without costs. Judgment, in Action No. 2, affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.