JOHN V. DINAN CO., INC., Respondent, *v.* DOROTHY M. SLATER, Appellant.

Supreme Court, Appellate Term, First Department, June 29, 1928.

**Engineers — license — action by engineering corporation for services — complaint dismissed in absence of allegation of compliance by plaintiff with Education Law, §§ 1450, 1467.**

The complaint in this action by an engineering corporation for engineering services must be dismissed in the absence of any allegation or proof of compliance by plaintiff with the provisions of sections 1450 and 1467 of the Education Law, requiring that persons carrying on the practice of engineering must be licensed.

LEVY, J., dissents, with opinion.

APPEAL by defendant from a judgment of the City Court of the city of New York, New York county, in favor of plaintiff, and from order denying motion for a new trial.

*Edward A. McShane*, for the appellant.

*Goldberg & Levitt* [*Arthur Levitt* of counsel], for the respondent.

PER CURIAM. There being neither pleading nor proof of compliance by plaintiff with the provisions of the General Business Law (§§ 37–39-o; superseded by Education Law, §§ 1450, 1467,

added by Laws of 1927, chap. 85), the recovery cannot be sustained. (*Preiser* v. *Solomon,* 170 N. Y. Supp. 307.)

Judgment and order reversed, with costs, and complaint dismissed, with costs.

BIJUR and LYDON, JJ., concur.

LEVY, J. (dissenting). I dissent. The sole contention of appellant is that respondent cannot recover because this was an action for engineering services and there was no plea or proof that the latter was licensed. Respondent, it is to be noted, is a corporation, and as I read the act, there is no requirement that a corporation secure a license. There is a provision that the persons carrying on the practice in behalf of the corporation must be licensed engineers. In this respect it seems to me the statute differs from that applying to plumbers and from the one dealing with foreign corporations in which obviously the fact in respect of the license must be pleaded and proved as a condition prerequisite to recover. (*Schnaier & Co.* v. *Grigsby,* 132 App. Div. 854; *Wood & Selick* v. *Ball,* 190 N. Y. 217.)

It would appear, therefore, that it was incumbent upon defendant to set up the failure of license as matter of defense. This was not done and I do not consider that defendant is in position to complain. But appellant urges that as it appears affirmatively from the proofs that respondent had no licensed associates, the complaint should have been dismissed. I fail to find support in the record for this assertion; quite to the contrary is the testimony of the witness John V. Dinan at page 19, folio 55, of the printed case on appeal.

I, therefore, vote to affirm.