BESS FARBER, Appellant, *v.* JOHN AQUINO SONS, INC., Respondent.

First Department, April 1, 1938.

*William Weintraub* of counsel [*Herbert A. Einhorn* and *Benjamin Brenner* with him on the brief], for the appellant.

*Charles Berlin* of counsel [*Berlin, Berlin & Albert,* attorneys], for the respondent.

TOWNLEY, J.   The action was brought to recover damages for the breach of a contract entered into between plaintiff's assignors and the defendant on November 22, 1933.   The contract in substance provided for a sale by plaintiff's assignors to the defendant of 25,000 to 35,000 gallons of red wine and 1,000 gallons of white wine.   The defendant was required to furnish barrels for shipping the wine at seller's nearest shipping point, f. o. b. car.   The buyer agreed to take delivery not later than June 1, 1934.   This contract was entered into shortly before the final ratification of the

Twenty-first Amendment to the Constitution of the United States. The correspondence between the parties clearly demonstrates that it was made in anticipation of repeal. The correspondence further shows that the defendant broke its contract and refused to take the wine solely because the market conditions and prices which had developed after repeal made the contract unprofitable. Upon the trial defendant relied almost entirely on the claimed illegality of the contract, and the decision of the court below is based in the main upon a finding that the contract in suit was illegal.

The first claim of illegality is based upon the Eighteenth Amendment to the Constitution and the provisions of the National Prohibition Act. Since, as we have found above, the contract was made in contemplation of the repeal of the Eighteenth Amendment and was to be performed thereafter, the regulations and restrictions of the National Prohibition Act upon the sale of liquor after the repeal have no application to this contract. In *Bloch* v. *Frankfort Distillery, Inc.* (247 App. Div. 864; affd., 273 N. Y. 469), plaintiff was suing for damages based upon the breach of a contract for the sale of whisky at a time when the Eighteenth Amendment was still in force. This court held unanimously that the defense of illegality based upon the amendment was of no avail after repeal.

The licensing requirements of the State and Federal governments made after the repeal do not relate back to the date of making the contract and cannot alter its legality when made. Neither does the Internal Revenue Act of the United States, relied on by the respondent, affect the validity of the contract here involved. These provisions are primary revenue laws which have repeatedly been held not to render a civil contract unenforcible. (See 30 A. L. R. 848; *Ruckman* v. *Bergholz*, 37 N. J. L. 437; *Christopherson & Kiaer, Inc.*, v. *U. S. Nav. Co., Inc.*, 121 Misc. 778.) The penalties for failure to comply with these provisions are provided in the act. These penalties are complete on their face and are exclusive of all others. No mention is made therein with regard to the validity of a sale or the enforcibility of a contract of sale.

It is alleged in the complaint without contradiction that this contract was made in New York. Failure to comply with the licensing laws of the State of New York would not render the contract void and unenforcible. The provisions of the Alcoholic Beverage Control Law are regulatory in character. The Court of Appeals in *Fosdick* v. *Investors Syndicate* (266 N. Y. 130), held that failure to comply with a regulatory statute which specifies its own complete penalties and which is silent on the question of the validity of the underlying contract will not render a civil contract invalid. In *Matter of Birner* v. *Santa Lucia Wineries, Inc.* (155

Misc. 722), Mr. Justice DORE, now a member of this court, held that the failure of a non-resident seller of wine to comply with statutes prohibiting the sale of wine within the State without a license did not invalidate a contract for the purchase and sale of wine. The court, in his opinion, said " that the contract in issue, made in the name of the seller by its authorized agent in New York city, was in law the act and contract of the non-resident seller; that title passed f. o. b. Fresno, Cal. (*Standard Casing Co.* v. *California Casing Co.*, 233 N. Y. 413; *Rosenberg Bros. & Co.* v. *Buffum Co.*, 234 id. 338; *Hauck Food Products Corp.* v. *Stevenson & Co., Inc.*, 203 App. Div. 308); that a license was required by the State Alcoholic Beverage Control Board (see Laws of 1933, chap. 180, § 2, subd. 7; § 132-a, added by Laws of 1933, chap. 819; Pers. Prop. Law, § 156); but that under the authority of the *Fosdick* case the contract is valid and enforcible."

The most recent expression of the Court of Appeals on this subject was in *Rosasco Creameries, Inc.*, v. *Cohen* (276 N. Y. 274). In that case a milk dealer sought to enforce a contract for the sale of milk. The defendant claimed that the plaintiff's failure to comply with section 257 of the Agriculture and Markets Law rendered the claim unenforcible. The court said: " Illegal contracts are generally unenforcible. Where contracts which violate statutory provisions are merely *malum prohibitum*, the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied."

The regulatory provisions of the California statute were shown to have been complied with by the plaintiff and the license issued thereunder subsequent to repeal was produced at the trial.

There is no substantial defense on the merits to plaintiff's claim, and judgment should have been granted in her favor. The amount of plaintiff's damage was established by resale of the wine which was the subject of this contract, and can readily be determined upon the record here.

The judgment appealed from should be reversed, with costs, and judgment directed in favor of the plaintiff for $5,051.59, with interest and costs.

MARTIN, P. J., O'MALLEY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in favor of the plaintiff for $5,051.59, with interest and costs. Settle order on notice.