NICK BOVINO, Appellant, *v.* HARRY A. BERBERIAN, Respondent.

First Department, June 24, 1938.

*Myron Gould* of counsel [*Bart T. Manfredi*, attorney], for the appellant.

*M. L. Golieb* of counsel [*Joseph Cohn*, attorney], for the respondent.

DORE, J. This action is for commissions alleged to be due plaintiff as a broker on behalf of defendant in the sale of sixty carloads of grapes. Plaintiff appeals from an order of Special Term granting defendant's motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice and dismissing plaintiff's counter-motion to dismiss the second affirmative defense.

The defense in question alleged that plaintiff was conducting the business of a commission merchant or broker in interstate commerce without a license, and by reason thereof the alleged contract of employment was illegal and unenforcible under the Perish-

able Agricultural Commodities Act (U. S. Code, tit. 7, § 499c). That section provides in part:

" 499c. Licenses — (a) By whom license required; penalty for failure to obtain. After December 10, 1930, no person shall at any time carry on the business of a commission merchant, dealer or broker without a license valid and effective at such time. Any person who violates any provision of this subdivision shall be liable to a penalty of not more than $500 for each such offense and not more than $25 for each day it continues, which shall accrue to the United States and may be recovered in a civil suit brought by the United States."

Appellant contends the section provides its own penalties and does not prevent a broker from recovering for services fully performed, and that the affirmative defense is insufficient in law. Defendant contends that, since the contract of employment was made while plaintiff did not have the license provided for in section 499c, the contract is void.

The Court of Appeals, in the case of *Rosasco Creameries, Inc., v. Cohen* (276 N. Y. 274), has recently passed upon a similar defense. In that case plaintiff, a milk dealer, sued to recover approximately $11,000 as the agreed and reasonable value of milk sold and delivered to the defendants, who were also milk dealers. The answer admitted the sale and delivery, the quantity and the failure to pay, and set up as an affirmative defense that plaintiff was not licensed as a milk dealer in accordance with the provisions of the Agriculture and Markets Law (Cons. Laws, chap. 69) during the period when it sold milk to defendants. Section 257 of the Agriculture and Markets Law prohibited milk dealers from buying milk from producers or others or selling or distributing milk unless the dealer was duly licensed. The Special Term granted a motion to strike out the affirmative defense. This court (249 App. Div. 228), one justice dissenting, reversed the order, struck out the first affirmative defense and dismissed the complaint. In that case the Court of Appeals in reversing this court said:

" Illegal contracts are generally unenforcible. Where contracts which violate statutory provisions are merely *malum prohibitum*, the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied. [See Williston on The Law of Contracts, vol. 3, § 1789; vol. 5 [Rev. ed.], § 1630. Cf. American Law Institute, Restatement of the Law of Contracts, §§ 548, 600.] * * *

" We have here a statute which provides that milk dealers shall not sell milk unless duly licensed. The statute imposes penalties for its violation by way of fine and imprisonment, but it does not expressly provide that contracts made by milk dealers shall be unenforcible. Nothing in this statute reveals an implied intent to deprive unlicensed dealers of the right to recover the reasonable value of the milk sold by them, and where the wrong committed by the violation of the statute is merely *malum prohibitum*, and does not endanger health or morals, such additional punishment should not be imposed unless the legislative intent is expressed or appears by clear implication."

In *Fosdick* v. *Investors Syndicate* (266 N. Y. 130) the Court of Appeals held that failure to comply with a regulatory statute providing that foreign corporations shall not transact in this State the business of investment companies unless they have been licensed by the Superintendent of Banks, did not render a civil contract invalid even though the foreign investment corporation concededly was unlicensed. A similar ruling was made by this court in *Farber* v. *Aquino Sons, Inc.* (253 App. Div. 600).

The court at Special Term referred to *Segal* v. *Chemical Importing & Manufacturing Co.* (205 App. Div. 220), but that case is clearly distinguishable. As pointed out in the opinion therein, the Lever Act there in question was passed at a time when every effort was being made to win the World War in which this country was involved and it was deemed necessary by Congress and by governmental authorities to conserve our food resources, and plaintiff's conduct was something more than a mere violation of a statute carrying its own penalties for such violation. No such state of facts is here presented.

The statute involved does not by its terms make any contract of brokerage void because the broker has failed to obtain a license. On the contrary, it provides other appropriate penalties for its violation.

The order of the Special Term should be reversed, with twenty dollars costs and disbursements, and defendant's motion denied, and plaintiff's counter-motion to dismiss the second affirmative defense should be granted.

O'MALLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion of the defendant denied, and the counter-motion of the plaintiff granted.