DONALD SULLIVAN, PROSECUTOR, v. THE PORT OF NEW YORK AUTHORITY, DEFENDANT.

Argued January 15, 1946—Decided April 1, 1946.

Before Justices CASE (now Chief Justice), BODINE and PERSKIE.

For the prosecutor, *T. James Tumulty* and *Arthur C. Mullen.*

For the defendant, *Russell E. Watson* and *Joseph P. Halpin.*

The opinion of the court was delivered by

BODINE, J. Donald Sullivan seeks a writ of *certiorari* to review proceedings resulting in his discharge as traffic officer

in the defendant's employ. His application made to Mr. Justice Colie was denied.

It was said in *Howell* v. *Port of New York Authority,* 34 *Fed. Supp.* 797 (at *p.* 801) : "The Port Authority, a bi-state corporation (*Helvering, &c.,* v. *Gerhardt,* 304 *U. S.* 405; 58 *S. Ct.* 969; 82 *L. Ed.* 1427), is a joint or common agency of the States of New York and New Jersey. It performs governmental functions which project beyond state lines, and it is immune from suit without its consent. *Voorhis et al.* v. *Cornell Contracting Corp. and Port of New York Authority et al.,* 170 *Misc.* 907; 10 *N. Y. S.* (*2d*) 378; *LeBeau Piping Corp.* v. *City of New York and Port of New York Authority et al.,* 170 *Misc.* 644; 9 *N. Y. S.* (*2d*) 853; *Pink, &c.,* v. *Port of New York Authority et al.,* Supreme Court, New York County, February 3d, 1938."

Judge Ackerson in *Miller* v. *Port of New York Authority,* 18 *N. J. Mis. R.* 601, in an exhaustive and scholarly opinion, arrived at the same result. The question, however, is not necessary to a determination of this case.

After carefully examining the record of the action taken by the Port of New York Authority in discharging Sullivan, we are satisfied that the Authority acted with due propriety and that the dismissal was in all respects proper.

The application will be denied, with costs.

PERSKIE, J. (Dissenting.) I dissent because it is clear that the Commissioners of the Port of New York Authority neither read, considered nor relied upon the transcript of the testimony upon which the prosecutor was found guilty, as charged, and dismissed. The Commissioners merely approved the recommendation of its executive director that the prosecutor be dismissed. Based upon such action, the judgment of the Commissioners fails to satisfy the fundamental requirement of "fair play" and is, therefore, fatally defective. *Morgan* v. *United States,* 304 *U. S.* 1; 82 *L. Ed.* 1129; *Redcay* v. *State Board of Education,* 128 *N. J. L.* 281; 25 *Atl. Rep.* (*2d*) 632; *Jersey City* v. *Hudson County Board of Taxation,* 130 *N. J. L.* 309; 32 *Atl. Rep.* (*2d*) 594.