## BREW, WOLTMAN & CO., Inc. v. ANTHONY.

United States District Court
S. D. New York.
Jan. 13, 1951.

956

Henry K. Chapman, New York City, for plaintiff.

Wise, Corlett & Canfield, New York City, for defendant.

WEINFELD, District Judge.

The plaintiff seeks to recover a balance claimed to be due under an agreement with the defendant. The complaint alleges an agreement by which the plaintiff was to disclose to the defendant the exact location and the name of the owner of certain equipment, introduce to the defendant the person in charge of its sale, and to refrain from itself purchasing the equipment. In return, the defendant undertook to pay the plaintiff 10% of the amount of his purchase. The complaint alleges the performance by the plaintiff of the acts so required of it and the defendant's purchase of material and equipment in the aggregate sum of $221,-340.00, and that in consequence it became entitled to $22,134.00, of which $4,000.00 has been paid, leaving a balance due of $18,134.00, for which judgment has been demanded.

To this complaint the defendant has pleaded as a defense that the plaintiff is engaged in business in the City of New York as a broker and dealer in second-hand machinery and equipment, but had failed to obtain the license required by the Administrative Code of the City of New York, Chapter 32, Article 19, of dealers in second-hand articles, that the agreement sued on was for the payment of a brokerage commission on the purchase of second-hand articles and is, therefore, unlawful and unenforceable. The plaintiff challenges the sufficiency of this defense by motion to strike. Since the sufficiency is to be determined solely upon the face of the pleading, the affidavits of the parties have been disregarded. Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A.; Eastman Kodak Co. v. McAuley, D.C., 41 F.Supp. 873.

Study of the article of the Administrative Code invoked by the defendant discloses no purpose to visit upon an unlicensed dealer in second-hand articles any consequences other than the specific penalty prescribed for its violation in Section B 32—134.0. The rule applied in cases such as Rosasco Creameries, Inc., v. Cohen, 276 N.Y. 274, 11 N.E.2d 908, 118 A.L.R. 641, and Bovino v. Berberian, 255 App.Div. 143, 5 N.Y.S.2d 300, is decisive of the present question. The licensing statute passed on in Bovino v. Berberian, supra, had many similarities with the Administrative Code Regulations in question here and, in my judgment, the same principle should govern. Since the Administrative Code does not declare the contract unenforceable or illegal, the failure to obtain a license does not forfeit the plaintiff's right to recover.

The Administrative Code article contains no declaration of policy or internal evidence that it was enacted for the protection of the public health or welfare, as was the case in American Store Equipment & Construction Co. v. Jack Dempsey's Punch Bowl, Inc., 283 N.Y. 601, 28 N.E.2d

23 (unlicensed architect), Carmine v. Murphy, 285 N.Y. 413, 35 N.E.2d 19 (unlicensed dealer in alcoholic beverages). Nor does it expressly prohibit recovery as does the New York Real Property Law in the case of an unlicensed broker. Roman v. Lobe, 243 N.Y. 51, 152 N.E. 461, 50 A.L.R. 1329. It follows that the defense is insufficient and should be stricken.

The defendant has also set up a counterclaim for the $4,000.00 already paid, the sufficiency of which is likewise attacked. Since the defense fails, the counterclaim being predicated on like grounds must necessarily be stricken.

The defendant's motion to increase the plaintiff's undertaking on attachment is denied.

Settle order.