Samuel H. Hofstadter, J.
On July 18, 1949 the parties entered into a written agreement by which the plaintiff undertook to install and service a water cooler and supply the defendant with drinking water for a period of three years. This agreement contained the following automatic renewal clause: “ The term of this lease shall be three years from date of installation and shall be renewed automatically for successive periods of like duration, unless cancelled by either party, by registered mail, at least thirty days prior to the expiration date of this lease, or any renewal thereof.”
*1042 Pursuant to this clause the term was automatically renewed in July, 1952 for a further period of three years. Prior to the expiration of this renewal term section 399 of the General Business Law was enacted. This section, which took effect on September 1, 1953, provides as follows (L. 1953, ch. 701): “ No provision of a lease of any personal property which states that the term thereof shall be deemed renewed for a specified additional period unless the lessee gives notice to the lessor of his intention to release the property at the expiration of such term, shall be operative unless the lessor, at least fifteen days and not more than thirty days previous to the time specified for the furnishing of such notice to him, shall give to the lessee written notice, served personally or by mail, calling the attention of the lessee to the existence of such provision in the lease.”
In purported compliance with the foregoing section the plaintiff sent the defendant a printed post card, bearing neither date nor salutation, and reading:
“ You have been a customer of ours for some time and we wish to take this opportunity to thank you for the cordial relationship’ which has existed between us. It has been our aim to furnish conscientious and satisfactory service in connection with your contract with us, which contains a provision for its automatic renewal in the absence of notice.
‘1 We appreciate the opportunity of having served you in the past and trust our business relationship will continue in the future.
Yours very truly,
Pine Hill Crystal Spring Water C’o., Inc. ’ ’
The plaintiff relies on this so-called notice in support of its contention that the defendant was not free to discontinue the service in August, 1955, as it attempted to do. Accordingly, the plaintiff here claims the rental of the water cooler for the unexpired portion of the period ending in July, 1958 and appeals from the disallowance of this claim.
In our judgment the disposition made below was correct and rests on a sound construction of the statute. Its obvious purpose was to protect lessees of personal property against inadvertent renewal pursuant to an automatic renewal clause by requiring timely and explicit notice of the provision for renewal. This wholesome provision would be frustrated were a notice such as the one before us held to satisfy the statutory requirement. By mingling the reference to the automatic renewal provision with and subordinating it to the other matter *1043 on the card, it tends to draw the reader’s attention away from the provision instead of calling attention to its existence as the statute prescribes. As the court below stated, it is deceptive and conceals the existence of the clause. Such evasion of the statute is not to be countenanced.
Accordingly, the judgment should be affirmed, with $25 costs.
Aurelio and Tilzer, JJ., concur.
Judgment affirmed, etc.