Arthur E. Blyn, J.
This is a submission on an agreed state: ment of facts. It involves a suit by the plaintiff for a contingent payment, pursuant to an agreement executed by the parties relating to the discovery and recovery of certain assets of whose existence the defendant had no knowledge.
It is agreed that the value of the assets is $1,986. The contingent payment agreement provided that the plaintiff was to receive one third of the value of any assets recovered on behalf of the defendant. The defendant refused to pay the plaintiff the sum of $662 which represents one third of the value of the discovered assets. The sole question presented to the court is the defense raised by the defendant that the fact that the plaintiff is not licensed by the State of New York as a private investigator is a bar to his recovery.
The defendant relies on sections 70 and 71 of the General Business Law which cover the licensing requirements for private investigators and the case of Shorten v. Milbank (170 Misc. 905, affd. 256 App. Div. 1069).
There is no question that if the activities and business of the plaintiff fall within the ambit of sections 70 and 71 he cannot prevail.
The plaintiff is admittedly in the business of discovering and recovering assets belonging to individuals that are either unknown to the individual or are so old as to indicate that they have been abandoned, forgotten or the value of which the individual is unaware. It is also agreed that the plaintiff discovered assets which the defendant had the right to recover but of whose existence she was unaware. The defendant did not actually recover the assets but only because she, upon advice of counsel, refused to execute the documents, provided to her by the plaintiff, and necessary for such recovery.
The plaintiff’s position is that he is not engaged in activity which falls within the definition of sections 70 and 71. He relies upon an opinion of the Attorney-General of the State of New York (1967 Opns. Atty. Gen. 35) which dealt with precisely the same activities engaged in by the plaintiff. This opinion was dated April 6, 1967, many years prior to the within matter, and was in response to an inquiry. As the Attorney-General described it (p. 35) “ This is in reply to your inquiry of February 21, 1967, whether Section 71 of Article 7 of the General Business Law, which defines ‘ private investigator ? for purposes of licensing under that article, includes the activities of so-called *903 tracers of unclaimed assets.” He then went on to quote from portions of section 71. Then and most relevant to the case at bar he said (p. 36): “ By way of describing the activities and services performed by such tracers, you advise me thus:
“ * These tracers are persons who obtain the names of unclaimed accounts with banking or lending institutions or unclaimed stock certificates held by various stock corporations. The tracer attempts to locate the whereabouts of the person designates on the records of such institutions or corporations, or in the event of Ms death, the persons who would be entitled to claim such assets # * * When they locate the person who they believe is the owner of the unclaimed asset, they usually send a letter to Mm stating that they will disclose such information upon execution of an -agreement that they will pay 50% of the asset to them if they are successful in estabiisMng ownership of such asset. Some of these genealogists or tracers •state that occasionally they will send a person to an address where the alleged owner resides, to determine if he is still a resident, or Ms present whereabouts, in the event they receive no response to their written communication. ”
TMs description is on all fours with the facts of the within cause of action.
The Attorney-General then went on to state that in his opinion such activities do not amount to the business of a private investigator as defined in section 71. He concluded Ms opinion by stating (p. 37) that “it may be that the business of tracing unclaimed assets should be made subject to licensing and regulation [but that this was] a matter for legislative attention rather than a matter of statutory interpretation.”
It is true, -as the defendant argues, that although the opinions of the Attorney-General may be persuasive they are not conclusive or binding on the courts. (55 N. Y. Jur., State of New York, § 24.) In this case, however, the court is very much persuaded by Ms opinion. Those persons engaged in the business and activities described by the Attorney-General obviously had a right to rely on such opinion. To interpret sections 70 and 71 so as to deprive the plaintiff of the fruits of Ms efforts wM-ch have benefited the defendant would be most unjust.
TMs decision constitutes the conclusions of law of the court. Judgment is awarded to the plaintiff in the sum of $622, with interest from February 6, 1973, together with the costs and dis-