■ Joe O'Brien Investigations, Inc., Respondent-Appellant, v Elayne Zorn, Appellant-Respondent. [694 NYS2d 216] —Carpinello, J. Cross appeals from an order of the Supreme Court (Relihan, Jr., J.), entered July 14, 1998 in Tompkins County, which partially granted defendant's motion for, *inter alia*, summary judgment dismissing the complaint.

The question to be determined is whether oral modifications to two written agreements between plaintiff, a licensed private investigative service, and defendant, an individual who authorized plaintiff to search for her missing husband, are unenforceable because they violate 19 NYCRR 173.1 (a). In the circumstances presented, we find that the violation of this regulatory provision was malum prohibitum such that recovery on the oral modifications may be permitted against defendant on a quantum meruit basis.

On February 4, 1995 and February 19, 1995, respectively, the parties entered into agreements, entitled "Advanced Statement of Services and Charges", pursuant to which plaintiff agreed to investigate the whereabouts of defendant's husband, who had been missing since December 1991. Both agreements

indicated that plaintiff would charge an hourly rate of $60 and its fees would not exceed $1,000 and $4,000, respectively, without further authorization. Significantly, the agreements do not require further *written* authorization. The agreements permitted defendant to "terminate the investigation at any time".

Suffice it to say, the initial $5,000 in agreed-upon fees was quickly expended as the investigation continued and produced promising leads. Pursuant to oral authorizations from defendant, plaintiff continued its efforts to locate her husband, which necessarily included a May 5, 1995 trip to Lima, Peru. The record reveals that defendant authorized plaintiff's two investigators to travel to Peru and that she agreed to pay a combined hourly rate of $100 for them (not to exceed $1,200 a day), as well as their airfare, hotel and out-of-pocket expenses. Although it was originally anticipated that the trip would take five days, defendant thereafter orally authorized a two-day extension.

Although no subsequent written agreement was ever entered into between the parties setting forth defendant's authorization to exceed the originally agreed-upon sum of $5,000, defendant clearly authorized the additional services. To this end, further payments totaling $11,500 were made to plaintiff between May 1, 1995 and June 6, 1995. In fact, $3,500 of this total was paid after the investigation was completed and defendant's husband was located. Following receipt of an August 2, 1995 bill and a September 22, 1995 corrected statement indicating a $13,641.47 outstanding balance,* defendant advised plaintiff that she would not be paying the balance. Plaintiff commenced this action asserting, as relevant here, account stated, breach of contract and quantum meruit claims. Supreme Court dismissed the account stated and breach of contract claims, granted plaintiff judgment on the quantum meruit claim and scheduled an inquest on the amount to be recovered, thereby prompting these cross appeals.

Defendant authorized plaintiff to commence an investigation into the disappearance of her husband in two written agreements, orally authorized its investigators to travel to Peru when their initial inquiries proved promising and orally authorized them to remain there an additional two days, all resulting in defendant's missing husband being located on May 17, 1995. Nevertheless, defendant claims that plaintiff is not entitled to be paid for its services pursuant to 19 NYCRR 173.1

---

* The investigation purportedly cost $30,141.47, for which defendant has paid $16,500.

(a), which provides: "No licensed private investigator * * * shall undertake to perform any services on behalf of a client unless such licensee shall have delivered to the client a written statement, signed by the licensee, which shall set forth the specific service or services to be performed and a charge or fee therefor. In the event any or all of the services are to be performed on an hourly or other periodic basis, the rate therefor shall be set forth and a limit fixed as to the number of such periodic units of such services that may be performed without any specific authorization from the client; such statement shall also acknowledge that the licensee shall not perform any services beyond such limit unless the client shall consent thereto in writing."

Where a contract which violates a statutory or regulatory provision is merely malum prohibitum, the general rule that illegal contracts are unenforceable does not necessarily apply (*see, Lloyd Capital Corp. v Pat Henchar, Inc.*, 80 NY2d 124; *Rosasco Creameries v Cohen*, 276 NY 274). If a statute, or regulation (*see, Lloyd Capital Corp. v Pat Henchar, Inc., supra*), "does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied" (*Rosasco Creameries v Cohen, supra*, at 278). Significantly, fee forfeitures are disfavored and may be particularly inappropriate when there are statutory or regulatory sanctions in place for noncompliance (*see, Lloyd Capital Corp. v Pat Henchar, Inc., supra*, at 128). Moreover, as stated by the Court of Appeals in *Charlebois v Weller Assocs.* (72 NY2d 587, 595), courts are especially skeptical of clients who use public policy "as a sword for personal gain rather than a shield for the public good".

While the failure to secure a license as a private investigator would render any contract for such services malum in se (*see, e.g., Shorten v Milbank*, 170 Misc 905, *affd* 256 App Div 1069), we are of the view that the wrong committed in violation of the regulation in this case is merely malum prohibitum in light of the undisputed evidence that defendant authorized *and* accepted plaintiff's services (*cf., Capozzella v Waterfun Acquisition*, 140 Misc 2d 1064), as well as authorized the expenditure of additional funds. Significantly, neither the promulgating statute (*see*, General Business Law art 7) nor the regulation here at issue provides that the failure to obtain written approval for the expenditure of funds beyond a limit set forth in previously executed "Advanced Statement of Services and

Charges" results in a forfeiture of fees (*compare,* 22 NYCRR 1400.3 [regulating contents of a retainer agreement in matrimonial actions], *with* DR 2-106 [C] [2] [B] [22 NYCRR 1200.11 (c) (2) (ii)]); *see also, Flanagan v Flanagan,* 175 Misc 2d 160; *McEvoy v American Lumbermen's Mut. Cas. Co.,* 51 NYS2d 306, *affd* 269 App Div 857, *affd* 295 NY 906). Moreover, the Secretary of State may redress violations of General Business Law article 7 and the regulations promulgated thereunder by revoking, suspending or the nonrenewal of a license (*see,* General Business Law §§ 73, 79).

Furthermore, permitting recovery under these circumstances would not thwart the purpose of General Business Law article 7, i.e., to protect "the public against 'wilful, malicious and wrongful' acts of private detectives who, in the absence of stringent controls and the requiring of a bond, would be in a position to cause irreparable harm to other members of the community because of the very nature of their work" (*Schauder v Seiss,* 88 NYS2d 317, 321, *affd* 276 App Div 967; *cf., Tooker v Inter-County Tit. Guar. & Mtge. Co.,* 295 NY 386). Nor would it thwart the specific purpose of the regulation, i.e., "to inoculate the client of the licensee against an obligation that was not first presented to him [or her] in a form outlined at 19 NYCRR 173.1" (*Capozzella v Waterfun Acquisition, supra,* at 1069). Here, the perils of irreparable public harm or obligating defendant to a service which was never presented to her are absent. The written agreements clearly identify the service to be rendered by plaintiff, and defendant does not deny that she authorized such service initially in writing and thereafter orally. It cannot be gainsaid that plaintiff performed. To deny recovery under quantum meruit would permit defendant to utilize the regulation as a means of evading a just obligation. But, in the absence of an additional written agreement between the parties, defendant is entitled to recover only under quantum meruit, not breach of contract. To this end, we note that what appears to be the real dispute with plaintiff—the total *amount* charged by defendant—remains at issue and is to be determined at the inquest.

Finally, there being no "agreement between [the] parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due" (*Jim-Mar Corp. v Aquatic Constr.,* 195 AD2d 868, 869, *lv denied* 82 NY2d 660), and defendant having objected to the bill of services within a reasonable period of time, the account stated cause of action was properly dismissed.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.