Affirmed and Memorandum Opinion filed December 7, 2006








Affirmed and Memorandum Opinion filed December 7, 2006.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00193-CV

_______________

 

 

AUTONATION DIRECT.COM, INC., d/b/a AUTO ADVERTISING
SERVICES, Appellant

 

V.

 

CIVIC CENTER MOTORS, LTD., d/b/a WHITE PLAINS HONDA,
Appellee

                                                                                                                
                               

On Appeal from County Civil Court at Law No. 1 

Harris County, Texas

Trial Court Cause No. 832,735

                                                                                                                
                               

 

M E M O R A N D U M   O P I N I O N








In this
action under the quasi-contractual theories of quantum meruit, unjust
enrichment, and promissory estoppel, appellant, AutoNation Direct.com, Inc.,
d/b/a Auto Advertising Services (AAuto Advertising@), appeals a take-nothing summary
judgment in favor of appellee, Civic Center Motors, Ltd., d/b/a White Plains
Honda (AWhite Plains Honda@).[1] 
Under the facts and applicable law, we conclude Auto Advertising cannot recover
under a quasi-contractual theory.  Therefore, we affirm. 

Background

The
parties agreed by written contract (Athe Agreement@) that Auto Advertising would refer
prospective car buyers to White Plains Honda, which would then pay Auto
Advertising for the referrals.  The Agreement, signed March 30, 2001, provided
for an initial term of one year and automatic renewal thereafter:

Term/Termination This Agreement shall be for one year from the earlier
of the Effective Date or the date on which the last party signed this
Agreement.  This Agreement will automatically renew for one year periods and on
the same terms and conditions.  This Agreement may be terminated at any time
after the 100th Day of the Effective date of this Agreement by
either party providing 60 days written notice to the other party.

 

Under the terms of the
Agreement, New York law governs our interpretation.[2]

White
Plains Honda initially paid Auto Advertising for its services.  The present
dispute apparently arose when White Plains Honda did not pay for referrals made
after the initial one-year period.








Auto
Advertising then sued White Plains Honda for $19,504.68 in damages based on
breach of contract, quantum meruit, unjust enrichment, and promissory
estoppel.  White Plains Honda answered contending (1) res judicata
barred Auto Advertising=s breach of contract claim, and (2) the existence of an
express agreement between the parties and governing the subject matter of the
lawsuit barred Auto Advertising=s quasi-contractual claims of quantum meruit, unjust
enrichment, and promissory estoppel.

White
Plains Honda then moved for summary judgment on the same two grounds set forth
in its answer.  Auto Advertising conceded its breach of contract claim was
barred by res judicata, but argued the agreement was unenforceable under
New York statutory law, and it therefore could recover under a
quasi-contractual theory.  Concluding Auto Advertising=s breach of contract claim was barred
by res judicata and its quasi-contractual claims were barred as a matter
of law, the trial court granted a take-nothing summary judgment in favor of
White Plains Honda.  Auto Advertising now appeals the trial court=s ruling on its quasi-contractual
claims.

Discussion

In a
single issue, Auto Advertising argues the trial court erred in granting White
Plains Honda=s motion for summary judgment on Auto Advertising=s quasi-contractual claims.  To
prevail on a motion for traditional summary judgment, the movant must show that
there is no genuine issue of material fact and the movant is entitled to
judgment as a matter of law.  See Tex.
R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211,
215 (Tex. 2002).  A defendant is entitled to summary judgment if it
conclusively negates an essential element of the plaintiff=s case or conclusively establishes
all necessary elements of an affirmative defense.  Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995).  In reviewing a summary judgment, we take as true
all evidence favorable to the nonmovant, and we resolve all doubts and indulge
every reasonable inference in the nonmovant=s favor.  Grant, 73 S.W.3d at
215. 








The
parties acknowledge, pursuant to the Agreement, that New York law governs our
interpretation of the contract in this case.  The parties also agree, under
Texas and New York law, that the existence of an express, enforceable contract
bars recovery under quasi-contractual theories.  See Fortune Prod. Co. v.
Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000) (AGenerally speaking, when a valid,
express contract covers the subject matter of the parties= dispute, there can be no recovery
under a quasi‑contract theory.@); Clark-Fitzpatrick, Inc. v. Long
Island R.R. Co., 516 N.E.2d 190, 193 (N.Y. 1987) (AThe existence of a valid and
enforceable written contract governing a particular subject matter ordinarily
precludes recovery in quasi contract for events arising out of the same subject
matter.@).[3]

The
parties disagree, however, about whether New York General Obligations Law
section 5-903 operates to render the Agreement unenforceable, thus permitting
recovery under a quasi-contractual theory.  Paragraph 2 of New York General
Obligations Law section 5-903 provides:

No provision of a contract for service, maintenance or repair to or for
any real or personal property which states that the term of the contract shall
be deemed renewed for a specified additional period unless the person receiving
the service, maintenance or repair gives
notice to the person furnishing such contract service, maintenance or repair of
his intention to terminate the contract at the expiration of such term, shall
be enforceable against the person receiving the service, maintenance or repair,
unless the person furnishing the service, maintenance or repair, at least
fifteen days and not more than thirty days previous to the time specified for
serving such notice upon him, shall give to the person receiving the service,
maintenance or repair written notice, served personally or by certified mail,
calling the attention of that person to the existence of such provision in the
contract.

 

N.Y. Gen.  Oblig. Law ' 5-903 para. 2 (McKinney 2001).  This
section does not apply to contracts Ain which the automatic renewal period
specified is one month or less.@  Id. para. 3.








Auto
Advertising does not argue section 5-903 is inapplicable to the Agreement or to
the renewal provision it contains.  Auto Advertising argues section 5-903
renders the Agreement unenforceable, and therefore it may recover under a
quasi-contractual theory.

White
Plains Honda argues the Agreement is valid, enforceable, and covers the dispute
in question.  White Plains Honda, in essence, contends section 5-903 does not
render the Agreement or the automatic renewal clause unenforceable, per se. 
Instead, what precludes Auto Advertising from enforcing the automatic renewal
clause is Auto Advertising=s own failure to provide the notice required by section
5-903.  We agree.

Section
5-903 does not invalidate the Agreement in the present case.  Neither does it
invalidate the automatic renewal provision of the Agreement.  Section 5-903
provides only that, for such a clause to Abe enforceable against the person
receiving the service,@ the service provider, here Auto Advertising, must, by a
specified time, give to the service recipient Awritten notice, served personally or
by certified mail, calling the attention of that person to the existence of
such provision in the contract.@  Id. para. 2.  Thus, the actual language of the
statute refers to enforceability, not to validity.  See Lenz v. Lenz, 79
S.W.3d 10, 19 (Tex. 2002) (AWhen construing a statute, we ascertain the Legislature=s intent from the plain meaning of
the actual language used.@).  It is undisputed that Auto Advertising did not provide
the statutorily required notice.








To allow
Auto Advertising to recover under a quasi-contractual theory when it did not
provide the section 5-903 notice would defeat the purpose of that section.  As
one New York court explained, section 5-903 Awas enacted to protect small
businessmen who unwittingly find themselves >married= to self‑renewing maintenance
or service‑type contracts.@  Prial v. Supreme Court Uniformed
Officers Ass=n, 397 N.Y.S.2d 528, 530 (App. Term 1977) (citing N.Y. Legis. Ann., 1961,
pp. 52, 451); see also Associated Press v. Riddle, 496 F. Supp. 119, 121
(E.D. Ark. 1980) (Section 5-903 Ais clearly designed to protect
businessmen from >inadvertent renewal pursuant to an automatic renewal clause
by requiring timely and explicit notice of the provision for renewal.=@ (quoting Pine Hill Crystal Spring
Water Co. v. Colomby Watch Co., 180 N.Y.S.2d 467, 469 (App. Term 1958))
(emphasis added by Riddle court); Peerless Towel Supply Co. v. Triton
Press, Inc., 160 N.Y.S.2d 163, 165 (App. Div. 1957) (explaining purpose of
predecessor to section 5-903).  If a party that did not provide the statutorily
mandated notice of a renewal clause could invoke a quasi-contractual theory to
recover for services purportedly provided pursuant to such a clause, section
5-903 would be a nullity.  We conclude unenforceability resulting from failure
to follow the section 5-903 mandate does not permit recovery under a
quasi-contractual theory.  See Landis v. W.H. Fuqua, Inc., 159 S.W.2d
228, 230B31 (Tex. Civ. App.CAmarillo 1942, writ ref=d) (rejecting plaintiffs= assertion they should recover real
estate commission on a theory of quantum meruit, despite statutory requirement,
because to permit recovery of commission on theory of quantum meruit would in
effect render statute requiring written commission agreement a nullity), discussed
in Trammell Crow Co. No. 60 v. Harkinson, 944 S.W.2d 631, 636 (Tex. 1997). 


Auto
Advertising nevertheless argues New York case law supports the availability of
quasi-contractual theories in the present case.  It cites Black v. Fisher,
145 N.Y.S.2d 142 (Sup. Ct. 1955); and  Joe O=Brien Investigations v. Zorn, 694 N.Y.S.2d 216 (App. Div. 1999). 
In Black, the parties had an oral contract, which was held to be within
the statute of frauds.  See 145 N.Y.S.2d at 143B44.  The court applied the New York
rule that, when an express contract is unenforceable because of the statute of
frauds, a plaintiff may recover the reasonable value of services performed.  Id.
at 145.  In the present case, the parties had a written contract, the statute
of frauds did not apply to invalidate that contract, and Auto Advertising=s failure to provide notice, not
section 9-503 per se, was the reason for its inability to enforce the automatic
renewal provision.  Black is inapposite.

 








In Joe
O=Brien Investigations, an investigator had two written
contracts with his client, but, with the client=s oral acquiescence, provided
services going well beyond the terms of those agreements.  See 694
N.Y.S.2d at 217.  The regulatory provision at issue in Joe O=Brien Investigations prohibited licensed private
investigators from performing services on behalf of a client in the absence of
a written statement setting forth the specific service or services to be
performed and the applicable charge or fee, but the regulatory provision did
not render unenforceable agreements made without a statement meeting the
provision=s requirements.  See id. at 217B18 (quoting N.Y. Comp. Codes R. & Regs. tit. 19, ' 173.1(a)).  The court opined:

Where a contract
which violates a statutory or regulatory provision is merely malum prohibitum,
the general rule that illegal contracts are unenforceable does not necessarily
apply.  If a statute or regulation  Adoes not provide expressly that its violation will
deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion
to the requirements of public policy or appropriate individual punishment, the
right to recover will not be denied.@

 

Id. at 218 (emphasis added) (citations
omitted).  In contrast to the regulatory provision in Joe O=Brien Investigations, section 5-903 specifically states no
automatic renewal provision for a period of more than a month Ashall be enforceable against the
person receiving the service@ unless the required statutory notice is given.  N.Y. Gen Oblig. Law ' 5-903.  Joe O=Brien Investigations is inapposite.  

We are not free to employ common law
remedies in contravention of public policy.  Having failed to give the notice
required by New York General Obligations Law section 5-903, Auto Advertising
cannot recover under a quasi-contractual theory for services it purportedly
rendered under the automatic renewal provision of that contract.  Accordingly,
we overrule Auto Advertising=s sole issue on appeal.

 








Having
overruled Auto Advertising=s sole issue, we affirm the judgment of the trial court.

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment rendered and Memorandum
Opinion filed December 7, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.









[1]  As set forth below, Auto Advertising also sued White
Plains Honda for breach of contract.  Auto Advertising subsequently conceded
the trial court=s disposition of its breach of contract claim in a
separate case constituted res judicata on the same claim in the present
case.  The trial court agreed, and Auto Advertising does not contest the
summary judgment against it on its breach of contract claim.





[2]  The Agreement provided the law of the state where
the dealership (White Plains Honda) was located would govern the interpretation
of the Agreement.  The parties agree New York law governs.





[3]  Because Texas and New York apply the same rule
regarding the availabilty of quasi-contractual theories, we need not decide
whether the Agreement=s choice-of-law clause extends to the
quasi-contractual theories at issue here.  Cf. NCC Sunday Inserts, Inc. v.
World Color Press, Inc., 759 F. Supp. 1004, 1011 n.11 (S.D.N.Y. 1991)
(observing, although contract at issue provided for construction of agreement
under Illinois law, promissory estoppel is a claim outside the contract and,
therefore, parties= choice-of-law was not binding).